[Civ. No. 2245. Third Appellate District.—September 23, 1921.]

EMMA C. HARRIS et al., Respondents, v. H. L. BISSELL et al., Copartners, etc., Appellants.

[1] LANDLORD AND TENANT—LEASE OF LAND FOR SHEEP PASTURAGE—PROHIBITION OF FARMING—INTERPRETATION OF COVENANT.—A covenant in a lease that the lessees will "use the said premises for sheep pasture purposes only" cannot be interpreted to permit farming and as forbidding only the pasturage of any heavy-hoofed animals or any animals except sheep.

[2] ID.—BREACH OF COVENANT — UNLAWFUL DETAINER — EVIDENCE — NEGOTIATIONS PRECEDING LEASE.—In an action in unlawful detainer to recover the possession of land for breach of a covenant in the lease limiting the use of the land to pasturage of sheep, the court properly excluded evidence of the negotiations leading

up to the execution of the lease offered for the purpose of show-
ing that it was the understanding between the parties that the
defendants might farm the land, where it was not alleged that
the lease failed to express the true intention of the parties and
reformation was not asked.

[3] ID.—LIMITATION OF USE OF LEASED LAND—RIGHT OF OWNER.—
Owners leasing land to others may in the lease impose any re-
strictions upon the use to be made of the lands, and it is not for
a court that some other use would serve the purposes of the owner
equally as well.

[4] ID.—BREACH OF COVENANT—NOTICE TO QUIT—DEMAND OF PER-
FORMANCE—WHEN UNNECESSARY.—A notice to quit based on a
breach of a covenant limiting the use of leased land to sheep
pasturage by farming the land is not insufficient for failure to
demand performance, where the crop has matured before the
notice is given.

[5] ID.—FARMING OF LAND—BREACH OF COVENANT—UNLAWFUL DE-
TAINER—VALUE OF CROP AND RENT—UNAUTHORIZED JUDGMENT.—
In an action in unlawful detainer to recover the possession of
land based upon a breach of a covenant in the lease prohibiting
the farming of the land and limiting its use to sheep pasturage,
it is error to give the plaintiff judgment for both the value of
the crop and the agreed rent.

[6] ID.—RENTAL VALUE — EVIDENCE — AGREED RENT — EXCEPTION.—
Ordinarily it may be said that the agreed rent is evidence of the
rental value, but that is not true where part of the premises has
been used for the benefit of the lessors in a manner not con-
templated by the parties at the time of the execution of the lease.

[7] ID.—NATURE OF ACTION—AGREED RENT NOT CONTROLLING.—An
action in unlawful detainer for breach of a covenant in a lease
limiting the use of the land to sheep pasturage is not upon con
tract, but for recovery of possession and, incidentally, for the
damages occasioned by the unlawful detainer, and the rental value
may be greater or less than the rent provided in the lease.

[8] ID.—FARMING OF LAND — BREACH OF COVENANT — EXPENDITURES
IN SEEDING AND PREPARING LAND—LESSEES NOT ENTITLED.—In an
action in unlawful detainer based upon a breach of a covenant in
the lease forbidding the farming of the land and limiting its use
to sheep pasturage, the lessees are not entitled to reimbursement
for their expenditures in the preparation and seeding of the land,
where incurred after service of notice of forfeiture.

[9] ID. — AMOUNT OF DAMAGES — PLEADING — BREACH — ABSENCE OF
WAIVER.—In an action in unlawful detainer, the breach of the
covenant of the lease of which complaint is made is not waived
by asking for judgment for an amount as rent due prior to the
notice of forfeiture, but covering a period of time largely after

such notice, since in such an action recovery of possession is the main object and recovery of rent a mere incident, and it cannot be inferred that by setting up the incident it was intended to waive the primary purpose of the suit.

[10] ID.—RENT PRIOR TO UNLAWFUL DETENTION—RECOVERY IN INDEPENDENT ACTION.—In an action in unlawful detainer, rents can be recovered only in cases where the statute so provides, and damages or rent accruing prior to the unlawful detention cannot be recovered in the proceeding, but may be recovered in an independent action.

[11] ID.—BREACH OF COVENANT — FARMING OF LAND — EVIDENCE — METHOD OF PREPARATION OF LAND.—In an action in unlawful detainer for breach of a covenant in a lease limiting the use of the premises to sheep pasturage, by raising a crop of grain thereon, any competent evidence tending to show that planting the land, or a part thereof, in barley was a reasonable or usual method of preparing it for the pasturage of sheep, or that the growing barley was intended in good faith to be used, or was used, for sheep pasture, and not to produce grain, or that the planting and growing of the barley was an appropriate method of preparing of the land for the sowing of white clover thereon and that it was done in good faith for that purpose, should be admitted. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Joseph M. Raines, Marcel E. Cerf and C. H. Sooy for Appellants.

Arthur L. Huston and Harry L. Huston for Respondents.

FINCH, P. J.—This is an action of unlawful detainer after breach by the defendants of a covenant of the lease under which they held certain lands. Plaintiffs were given judgment declaring the lease forfeited and awarding them damages and also the amount of rent stipulated in the lease. The defendants appeal.

By the terms of the lease the defendants expressly covenanted and agreed "that they will use said premises for sheep pasture purposes only," and that "if default shall be made in any of the covenants herein contained, on the part or behalf of the said parties of the second part

. . . then and from thenceforth it may be lawful for the said parties of the first part . . . into and upon the said premises, and every part thereof, wholly to re-enter, and the same to have again, repossess and enjoy as in their first and former estate . . . and that on the last day of said term or other sooner determination of the estate hereby granted, the said parties of the second part . . . shall and will, peaceably and quietly leave, surrender and yield up unto the said parties of the first part . . . all and singular of the said premises.''

[1] The breach of which complaint is made consisted of raising a crop of grain on half of the land. Appellants contend that their covenant to ''use said premises for sheep pasture purposes only'' should be interpreted to mean ''that they could not pasture on the land any heavy-hoofed animals or any animals except sheep'' and ''that the lease permitted them to farm the land.'' The language of the lease, however, is too plain to admit of any other interpretation than that given it by the trial court.

[2] The defendants attempted to introduce evidence of the negotiations leading up to the execution of the lease with the evident purpose of showing that it was the understanding between the parties that the defendants might farm the land. In their answer the defendants did not allege that the lease failed to express the true intention of the parties or ask to have it reformed and, since the terms of the lease are clear, the proffered evidence was properly excluded.

The defendants sought to prove that the land was benefited for pasturage purposes by being farmed. The plaintiffs were interested in the condition in which the land would be returned to them. It is a common belief that it is beneficial to lands to cease farming them for a time and to use them exclusively for pasturing livestock thereon. [3] However this may be, owners leasing lands to others may, in the lease, impose any restrictions upon the use to be made of the lands and it is not for a court to decide that some other use would serve the purposes of the owner equally well.

It is urged that the plaintiffs consented to the farming of the land and that by their acts and acquiescence they are estopped from claiming a forfeiture. The defendants did

not plead facts sufficient to constitute an estoppel. The court found, on conflicting evidence, that the plaintiffs did not consent to the farming of the land by defendants.

[4] Appellants contend that "the notice to quit did not require performance of the covenant" broken and was, therefore, insufficient. At the time the notice was given the crop was matured and, the land having been used for a purpose not authorized by the lease, something which could not be undone, performance of the covenant thereafter was impossible, and under the express provisions of section 1161 of the Code of Civil Procedure no demand for the performance of the covenant was required. (*Schnittger* v. *Rose*, 139 Cal. 656, [73 Pac. 449]; *Zucco* v. *Farullo*, 37 Cal. App. 562, [174 Pac. 929]; *Matthews* v. *Digges*, 45 Cal. App. 561, [188 Pac. 283]; *Pfitzer* v. *Candcias*, 53 Cal. App. 737, [200 Pac. 839].)

The seeding of the land was completed early in February, 1918. Notice of forfeiture demanding possession of the premises was served on the defendants in June and thereafter this action was commenced June 25th. After the action was commenced the defendants harvested the crop of barley raised on the premises and remained in possession until the time of trial. Judgment was entered August 12, 1919. By the judgment the plaintiffs were given the full value of the harvested crop, less the cost of harvesting and marketing the same, or the net sum of $4,746.09, as damages and, in addition thereto, the sum of $2,400, "as and for rental, according to the terms of said lease, being the amount of rent due as follows: $800 on May 20, 1918; $800 on November 1, 1918; and $800 on May 20, 1919." The lease was for the term of three years from the twentieth day of May, 1917. Prior to suit the defendants had paid the first year's rent. The lease provided for a rental of $1,600 a year for the second and third years of the term, $800 to be paid on the twentieth day of May and $800 on the first day of November of each year. Prior to notice of forfeiture the defendants tendered payment of the installment of $800 due May 20, 1918, but the plaintiffs declined to accept it at that time. There is no claim that there was any default in the payment of rent. Plaintiffs' notice claiming forfeiture of the lease is dated June 6, 1918, and, as stated, suit was com-

menced June 25, 1918. It thus appears that the forfeiture
was declared a few days after the beginning of the second
year of the term.

[5] Appellants contend that it was error to give judg-
ment for both the value of the crop and the agreed rent.
This contention must be sustained. In *Golden Valley Land
& Cattle Co.* v. *Johnstone,* 21 N. D. 101, [Ann. Cas. 1913B,
631, 128 N. W. 691], where a similar question was under
consideration, the court said: "It is clear . . . that it
[plaintiff] is not . . . entitled to recover both the value of
the use and occupation and the crop or damages equaling
its value. It is hardly necessary to call attention to the
extraordinary results which would follow a holding that
it might do so. The result, however, would be that de-
fendant would be paying the plaintiff for the privilege
of furnishing the seed, all the labor, and machinery neces-
sary to sow and harvest the crop, and at the same time
giving plaintiff the entire crop raised by his industry. In
other words, defendant would be paying rent to the plain-
tiff for the privilege of raising a crop for plaintiff." Dur-
ing part of the time for which the agreed rent was allowed
the defendants had the use of but half of the land, the
other half being devoted to raising a crop of grain for the
exclusive benefit, as it turned out, of the plaintiffs. Under
such circumstances, the plaintiffs were not entitled to the
full rent agreed upon, even if it be conceded that rent
may be recovered in this action. There was no evidence
produced to show and the court did not find the rental
value of the land. [6] Ordinarily, it might be said that
the agreed rent is evidence of the rental value, but that is
not true where part of the premises has been used for
the benefit of the lessors in a manner not contemplated by
the parties at the time of the execution of the lease. Under
the plaintiffs' allegation of damages they were entitled to
recover, as an element thereof, the rental value of the
premises during the unlawful detainer, making due allow-
ance for the fact that the defendants had use of but half
of the land during part of the time of such unlawful
holding. [7] Since the action is not upon contract (*Ar-
nold* v. *Krigbaum,* 169 Cal. 146, [Ann. Cas. 1916D, 370,
146 Pac. 423]), but for recovery of possession and, inci-
dentally, for the damages occasioned by the unlawful

detainer, such rental value may be greater or less than the rent provided for in the lease.

[8] The court allowed the defendants their cost of harvesting and marketing the crop. They claimed reimbursement also for their expenditures incurred in the preparation and seeding of the land. On service of the notice of forfeiture, it became the duty of the defendants, under their lease contract and under the law, to surrender possession of the premises to the plaintiffs. Had this been done, the plaintiffs would have taken the premises without liability for the defendants' expenditures theretofore incurred. It seems plain that by *wrongfully* withholding possession the defendants could not acquire a right to reimbursement for such expenditures which they would not have had if they had *rightfully* surrendered possession.

[9] In their complaint the plaintiffs ask for judgment for $800 as rent due prior to the notice of forfeiture, but covering a period of time largely after notice of the breach of which complaint is made. The appellants argue that the plaintiffs thereby waived the breach. "But waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts." (*Alden* v. *Mayfield,* 164 Cal. 11, [127 Pac. 45].) In unlawful detainer, recovery of possession is the main object and recovery of rent a mere incident. It cannot be inferred that by setting up the incident it was intended to waive the primary purpose of the suit.

[10] "One who seeks the summary remedy allowed by the statute must bring himself clearly within its terms." (*Opera House Assn.* v. *Bert,* 52 Cal. 471; *Iburg* v. *Fitch,* 57 Cal. 192.) The proceeding is primarily to recover possession of land. "In the absence of some statutory provision expressly authorizing it, damages cannot be recovered." (19 Cyc. 1169; 11 R. C. L. 1180.) Damages accruing prior to the unlawful detention cannot be recovered in the proceeding. (*Chase* v. *Peters,* 37 Cal. App. 358, [174 Pac. 116].) Rents may "be recovered only because the statute so provides." (*Chase* v. *Peters, supra.*) From what has been said, it logically follows that rents can be recovered only in cases where the statute so provides. The statute provides for the recovery of rent, the agreed rent, only in case of "default in the payment

of rent." Damages or rent accruing prior to forfeiture may, of course, be recovered in an independent action. (*Hicks* v. *Herring*, 17 Cal. 566.) There is some suggestion to the effect that the defendants stipulated at the beginning of the trial that judgment might be rendered against them for the rent provided for in the lease. While the stipulation does not appear in the record, the only inference to be drawn from what was said by respective counsel is that defendants offered to allow judgment to be taken against them for the amount of such rent only as a complete settlement of the case and not in addition to any judgment the court might render for damages.

The judgment appealed from is reversed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing in the supreme court is denied.

The judgment of the district court of appeal reversing the case remands it to the superior court for a new trial. As we do not entirely approve the opinion of the district court, it is necessary that we state the points not approved, so that the same may not become the law of the case upon such new trial.

[11] Any competent evidence tending to show that planting the land, or a part thereof, in barley was a reasonable or usual method of preparing it for the pasturage of sheep, or that the growing barley was intended in good faith to be used, or was used, for sheep pasture, and not to produce grain, or that the planting and growing of the barley was an appropriate method of preparing that land for the sowing of white clover thereon and that it was done in good faith for that purpose, should have been admitted. We express no opinion, however, on the question whether evidence of the negotiations preceding the execution of the lease was competent evidence for such purposes.

We also withhold approval from the part of the opinion stating that the defendants did not plead facts sufficient to constitute an estoppel or to show a waiver of the forfeiture claimed by the plaintiff.  If the answer is insufficient in that respect and the defendants can truthfully amend the same, such amendment should be allowed if leave is applied for.

Shaw, C. J., Lennon, J., Shurtleff, J., Sloane, J., Richards, J., *pro tem.,* and Wilbur, J., concurred.