[Civ. No. 8584.   Third Dist.   Nov. 30, 1955.]

OTIS D. BABCOCK, Appellant, v. JOE KING et al.,
Respondents.

Thomas W. Olson, Jr., and Robinson & Robinson for Appellant.

John R. Couzens and Thomas E. Srednik for Respondents.

PEEK, J.—Plaintiff-lessee sought to rescind a lease agreement whereby he had leased from defendants certain real property located at Lake Tahoe.  At the conclusion of the first trial, the court found that through mistake the parties had regarded the property as one unit, while as a matter of fact, it was bisected by a public road which had been dedicated but had never been laid out.  The court concluded that plaintiff was entitled to a judgment of rescission upon

payment to defendants of a sum representing unpaid rent and taxes to the date of surrender of possession by plaintiff. Thereafter both parties moved for a new trial and the same was granted. By stipulation the matter was retried upon the record of the first trial. The court, in its memorandum of decision, noted an insufficiency in the record on the question of the reasonable rental value of the land and reopened the case for further testimony on that one issue. Again the court found that rescission should be granted to plaintiff and that he should pay to defendants a sum found to be the reasonable rental value of the land. Plaintiff now appeals from that judgment, contending that there is no evidence to support the finding of the court as to the reasonable rental value of the land; that the judgment fails to reflect the reasonable value of improvements he placed on the land; and, that it fails to credit him with interest on rental payments made prior to rescission.

As regards the first contention, the record discloses testimony by defendants who placed the reasonable rental value of the property at $4,000 per year which was the agreed rental stated in the lease, and testimony by one expert called by defendants who testified concerning the factors he had considered, including the land value, and placed the rental value in the sum of $4,200 per year. Even assuming plaintiff's contention that the testimony of defendants' witness was speculative and conjectural, that is not to say that there was therefore no evidence. It is undisputed that the agreed rental was $4,000 per year which fact the court held, in *Harris* v. *Bissell*, 54 Cal.App. 307, 312 [202 P. 453], to be evidence of the rental value of the land, but when it is not based on contract it may be greater or less than as provided in the lease. Here the value placed on the property by the court was in the sum of $3,000, or $1,000 per year less than the agreed rent.

Plaintiff's next contention, that he should have been credited with the sum of $600 expended by him in leveling the land, is likewise without merit. It is to be noted that plaintiff did not allege that such expenditure enhanced the value of the property and the court made no finding thereon. Under such circumstances it cannot be said that the court erred.

A like conclusion must prevail as regards plaintiff's final argument that the court erred in failing to allow him interest on the rent paid and on the sum representing the value of the improvements made during the period of his possession.

Where, as here, restitution is based upon rescission for mutual mistake, interest is allowed only from the date of rescission (*Taber* v. *Piedmont Heights Bldg. Co.*, 25 Cal. App. 222 [143 P. 319]) as distinguished from those situations arising under section 3288 of the Civil Code which operate to give a party the right to interest prior to rescission. Hence, since no money was due plaintiff, interest did not commence to run until the date of rescission.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.