ROBERTS, J.
The parents of a 12-year-old boy appeal from the order of the court below committing the child to the custody of the Children’s Services Division.
Parents argue that the court erred in finding that the child was within the jurisdiction of the juvenile court. On September 18,1976, the boy left his parents’ temporary living place in a campground. The child was found the next day hitchhiking on Cape Arago Highway. His clothes were in a filthy condition and he had no socks or jacket. These circumstances are sufficient to give the juvenile court jurisdiction under ORS 419.476(l)(c).[1]
The parents also argue that custody of the child should not have been granted to Children’s Services Division because no treatment plan had been submitted. Custody was granted under ORS 419.507:
"A child found to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, may be made a ward of the court. Where a child has been found to be within its jurisdiction, and when the court determines it would be in the best interest and welfare of the child, the court may:
«íjí ** * * *
"(2) Place the child in the legal custody of the Children’s Services Division for care, placement and supervision.
$ * * * 99
All the statute requires is that the child be within the juvenile court’s jurisdiction and that custody of the Children’s Services Division be in the best interest and welfare of the child.
*[730] There was substantial evidence concerning the special needs of the child. The testimony indicated that the child has some learning problems and was working far below his grade level. His fifth grade teacher stated that the child had many speech problems and had difficulty getting along with his classmates. The parents testified that they had recently moved from California where the child had been attending special schools and had been under study at the Stanford Medical Center. No special schools for the child had been found in Oregon.
The evidence showed that the child had frequently left home and on several occasions remained away from home overnight. The mother testified that the child would simply disappear when she had her back turned. The father testified that he felt that the child needed to be left as free as any child in order to grow.
The following exchange took place upon examination of the child’s mother:
"Q. Do you feel that you are equipped educationally and mentally and emotionally to control and deal with Patrick?
"A. No, I don’t.
"Q. What do you think Patrick does need?
"A. Well, he needs someone who is well versed in the psychological field and learning needs of the handicapped learner. It is a veiy difficult area in which to work. It really takes a qualified person to really know what they are doing because you can really foul up a child that way if you don’t know what you are doing.”
It is clear from examination of the record that this child is in need of special care and training. Although he has speech and learning problems there is indication he is bright in his ability to manipulate adults. With proper treatment the child has a chance to become a normal adult. It is unlikely that the child will receive the special treatment he needs if he remains with his parents. We find that it is in the child’s best interest that custody be given to the Children’s Services Division.
*[731] Finally, parents complain that the judge’s order did not require Children’s Services Division to submit to the court a treatment plan within 14 days even though the court had indicated that such a requirement was to be made. Such a requirement in the order is not necessary. The court must be kept informed by the Children’s Services Division on the progress of the plan and the court may request reports on its own at any time.[2]
Affirmed.

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
«sje * * * jf:
"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others; or
* * * * ”

 Children’s Services Division is required to submit a treatment plan to the trial court by OES 419.507(2)(e), which states:
"(e) Whenever a child who is in need of medical care or other special treatment by reason of his physical or mental condition is placed in the custody of the Children’s Services Division by the juvenile court, the division shall prepare a plan for care or treatment within 14 days after assuming custody of the child. The court may indicate in general terms the type of care which it regards as initially appropriate. A copy of the plan, including a time schedule for its implementation, shall be sent to the juvenile court which committed the child to the division. The court may at any time request regular progress reports on implementation of the plan. The division shall notify the court when the plan is implemented, and shall report to the court concerning the progress of the child annually thereafter. If the plan is subsequently revised, the division shall notify the court of the revisions and the reasons therefor.”