[Civ. No. 48478. First Dist., Div. One. Nov. 24, 1981.]

In re the Marriage of SANDRA LOUISE and RONALD WILLIAM HAVENS.
RONALD WILLIAM HAVENS, Appellant, v.
SANDRA LOUISE HAVENS, Respondent.

COUNSEL

Alan L. Tanenbaum for Appellant.

Hales, Allison & Tarbin and James N. Allison for Respondent.

OPINION

**ELKINGTON, J.**—An appeal has been taken by Ronald Havens (hereafter for convenience, Ronald) from a July 30, 1979, order of the superior court denying his motion to modify an order for the support of his child in the custody of his former wife Sandra Havens (hereafter for convenience, Sandra).

Ronald and Sandra were married in 1968. In 1975, the marriage was dissolved. Sandra was awarded custody of the parties' two boys, David and Daniel, and Ronald was ordered to pay $200 each month for their

support. In 1976 or 1977, for some reason not clear from the record, David came to live with his father, Ronald. Thereafter, on custody and child support modification motions, Ronald's custody of David was confirmed, and he was ordered to pay $150 each month to Sandra for Daniel's support. At the time, Sandra's gross monthly income was about $300. Ronald's gross monthly income was approximately $1,250. It will be seen that Ronald thus became the sole support of the two boys.

Each of the parties thereafter remarried, and in 1979 the combined community property income of each, and his or her spouse, was approximately the same. Ronald again moved to modify the child support award, alleging a change in circumstances. Following a hearing thereon, the court announced its intended decision that Ronald's motion for modification of child support payments be denied. Ronald's request for written findings of fact was denied, and a formal order was entered that "[m]odification of child suppport is hereby denied." Ronald's appeal is from that order.

He makes two contentions: that the manifest change in the parties' circumstances mandated that Sandra should bear a reasonable portion of the statutory parental duty to support David and Daniel, and that the trial court erroneously denied his request for written findings of fact.

We initially observe several well known statutes.

"The father and mother of a child have an equal responsibility to support ... their child in the manner suitable to the child's circumstances, taking into consideration the respective earnings ... of the parents." (Civ. Code, § 196.)

"Every individual shall support his or her ... child, ..." (Civ. Code, § 242.)

"Community property is property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either." (Civ. Code, § 687.)

"The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests. This section shall be construed as defining the re-

spective interests and rights of husband and wife in community property." (Civ. Code, § 5105.)

"(a) Except [in here irrelevant situations], either spouse has the management and control of the community personal property, ... (e) Each spouse shall act in good faith with respect to the other spouse in the management and control of the community property." (Civ. Code, § 5125.)

"[T]o the extent necessary to fulfill a duty of a wife to support her children, the wife is entitled to the management and control of her share of the community property. [¶] The wife's interest in the community property, including the earnings of her husband, is liable for the support of her children to whom the duty to support is owed, ..." (Civ. Code, § 5127.5.)

■ Under these statutes, Ronald and Sandra had an equal duty to support David and Daniel. And each of them had an equal right to use the community income of his, or her, subsequent marriage for that purpose. No reasonable, or legal, distinction may be made between them as to the duty of support. But in apportioning the amount of support, the court shall take into "consideration the respective earnings or earning capacities of the parents" as required by Civil Code section 196.

■ Here, under a manifest change of circumstances, the trial court continued imposition of the duty to support both David and Daniel upon Ronald alone. We think it apparent that the court did not appropriately apply the above-noted statutory rules. In our opinion the ends of justice will be better served by remand of the cause to the superior court for further consideration in light of the statutes and principles we have pointed out.

We now advert to Ronald's contention that he was entitled to written findings of fact on the issues resolved by the superior court.

The above-mentioned Civil Code section 242, imposing a duty upon every individual to support his or her child, states further: "The duty imposed by this section shall be subject to the provisions of Sections ..., 4801, ..."

Civil Code section 4801 refers to circumstances to be considered by the court in making *spousal support* orders. But it states: "At the re-

quest of either party, the court shall make appropriate findings with respect to the circumstances." ■ Our interpretation of the combined effect of Civil Code sections 242 and 4801 is that judicial enforcement of the duty of child support under section 242 shall be subject to the procedures of section 4801, which, among other things, requires written findings of fact upon a party's request. Interpreted otherwise, the above-mentioned provision of section 242 would seem devoid of meaning, a conclusion we must resist, if possible. (See *State of South Dakota* v. *Brown* (1978) 20 Cal.3d 765, 775 [144 Cal.Rptr. 758, 576 P.2d 473]; *County of Orange* v. *Cory* (1979) 97 Cal.App.3d 760, 768 [159 Cal.Rptr. 78].)

On this issue, Sandra relies upon *In re Marriage of Simmons* (1975) 49 Cal.App.3d 833 [123 Cal.Rptr. 213], which held that on a *motion*, as distinguished from a judgment, for child support, one is *not* entitled to written findings of fact. But we observe that the combined effect of Civil Code sections 242 and 4801 was not there urged by the parties or considered by the court. Mr. Witkin says that probably the "strongest reason" for not following "a decision is that it is contrary to a statutory provision that was either not discovered or was known but ignored in the opinion." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 686, pp. 4601-4602, and see authority there collected.)

It is notable also that Civil Code section 4700 (as amended *after* the instant superior court proceedings) now provides: "(a) In any proceeding where there is at issue the support of a minor child, . . . [at] the request of either party, the court shall make appropriate findings with respect to the circumstances on which the order for the support of a minor child is based." Any ambiguity which may have existed on the subject has now vanished.

The order of July 30, 1979, is reversed; the superior court will take such further proceedings as are not inconsistent with the views we have expressed.

Racanelli, P. J., and Newsom, J., concurred.