[No. A018846. First Dist., Div. Two. June 21, 1985.]

ANDY SABERI, Plaintiff and Respondent, v.
SIA BAKHTIARI, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, parts I, III and V of this opinion are certified for publication.

COUNSEL

Joseph M. Neri, Victoria De Goff and Richard Sherman for Defendant and Appellant.

W. Thomas Amen, Philip Keith and Amen & Keith for Plaintiff and Respondent.

OPINION

KLINE, P. J.—

I.

Defendant, Sia Bakhtiari, appeals from a default judgment, entered in an unlawful detainer action, which awarded plaintiff, Andy Saberi, possession of commercial premises located in San Francisco plus damages of $37,066 and costs. Defendant contends (1) that the judgment should be reversed with directions to the trial court to dismiss the complaint due to a fatal jurisdictional defect; (2) alternatively, that the judgment should be reversed and the cause remanded for further proceedings because the trial court abused its discretion in denying defendant's motion to set aside entry of default pursuant to Code of Civil Procedure section 473;[1] and (3) that if the entry of default is allowed to stand, the judgment should be reversed and the cause remanded to the trial court for a new hearing with respect to the proper amount of damages.

We determine that there is no jurisdictional defect in the complaint requiring dismissal of the action. We do conclude, however, that the trial court abused its discretion in denying the motion to set aside entry of default. Accordingly, we reverse the judgment and remand the cause to the superior court.

On April 29, 1982, plaintiff filed his complaint for unlawful detainer for recovery of possession of premises located at 869 Geary Street in San Francisco (the premises). It alleged the following: Plaintiff was the lessee of the premises pursuant to an assignment of a lease between Rosemary B. Baruch, lessor, and George Gregor, lessee, dated December 4, 1967. On or about February 7, 1978, plaintiff and Peter Bigotta, as lessor and successor to the interest of Baruch, entered into a written agreement extending the terms of the lease. On or about September 1975, plaintiff, as sublessor, and defendant, as sublessee, entered into an oral agreement under which defendant agreed to rent on a month-to-month basis the portion of the premises used as a restaurant and to operate a restaurant therein. The monthly rent was to be $1,200 plus 7 percent of the gross sales of the restaurant business in excess of $14,000. A portion of the premises used by plaintiff as an office was not included in this sublease. As of January 1, 1982, defendant's minimum monthly rent was increased to $1,500. On January 13, 1982, plaintiff caused to be served upon defendant a 30-day notice to quit the premises by

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

March 1, 1982. Rent for the month of February 1982 was not paid. Defendant had maliciously continued in possession of the premises contrary to the notice to quit, causing plaintiff to incur damages of $116.66 per day, the reasonable rental value of the premises.

The prayer for relief in the complaint sought restitution of the premises; unpaid rent in the sum of $1,500; damages at the rate of $116.66 per day as long as defendant continued to occupy the premises; and forfeiture of the oral agreement. It also requested that the award of rent and damages be trebled.

II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . with .

III.

■■■ ■■ ■■■■■ Defendant first contends that the complaint was jurisdictionally deficient because it combined a request for possession of the premises based upon the service of a 30-day notice to quit with a request for rent due prior to termination of the tenancy (hereafter pretermination rent).[2] He relies upon *Castle Park No. 5* v. *Katherine* (1979) 91 Cal.App.3d Supp. 6 [154 Cal.Rptr. 498] and *Harris* v. *Bissell* (1921) 54 Cal.App. 307 [202 P. 453]. *Castle Park* held that where an unlawful detainer complaint is based only upon a 30-day notice to quit, the landlord may not recover rent for the period prior to the termination of the tenancy in the unlawful detainer proceeding. (91 Cal.App.3d Supp., at p. 12.) *Harris* held that pretermination rent could not be recovered in an unlawful detainer action where the notice to quit was based upon violation of a covenant in the lease regarding permitted use of the property, rather than nonpayment of rent. (54 Cal.App. at pp. 313-314.)

■■■ We agree with defendant that the *Castle Park* holding that pretermination rent cannot be recovered in an unlawful detainer action based upon a 30-day notice to quit is correct. ■■■ We do not agree, however, with

---

*See footnote, *ante,* page 509.

[2]Defendant did not raise this contention in the trial court. He points out that a jurisdictional defect can be raised for the first time on appeal if it is apparent on the face of the record. (See *Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 450 [124 Cal.Rptr. 139] [lack of subject matter jurisdiction in unlawful detainer action].) Plaintiff has briefed this argument on the merits and raised no objection to its consideration. Since the issue presented is solely a question of law (regardless whether the point raised constitutes a "jurisdictional defect"), it may be considered for the first time on appeal. (See *UFITEC, S.A.* v. *Carter* (1977) 20 Cal.3d 238, 249, fn. 2 [142 Cal.Rptr. 279, 571 P.2d 190]; *Burdette* v. *Rollefson Construction Co.* (1959) 52 Cal.2d 720, 725-726 [344 P.2d 307]; *Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].)

defendant's contention that the improper inclusion of a request for such recovery renders the entire unlawful detainer complaint invalid.

In *Castle Park,* two apparently unrelated unlawful detainer actions were consolidated on appeal to the appellate department of the superior court. In one, the plaintiff appealed from an order quashing service of the unlawful detainer summons. In the other, the plaintiff appealed from a judgment which failed to include pretermination rent, based upon a previous ruling granting a motion to strike the allegations of the complaint pleading entitlement to such rentals. (*Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6, 8-9.) Each trial court ruling was apparently based upon a determination that a landlord who terminates a tenancy by a 30-day notice cannot recover pretermination rent in an unlawful detainer action based upon the 30-day notice. (*Id.,* at p. 9.)

Section 1174 provides for the damages recoverable in an unlawful detainer proceeding. It states in pertinent part: "(a) If upon the trial, the verdict of the jury, or . . . the findings of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for possession of the premises; and if the proceedings be for an unlawful detainer after neglect, or failure to perform the conditions or covenants of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement [if proper notice of election of forfeiture has been given] . . . . (b) The jury or the court . . . shall also assess the damages occasioned to the plaintiff by any forcible entry or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, *and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent.*"[3] (Italics added.)

The *Castle Park* court interpreted the italicized portion of section 1174, subdivision (b), *supra,* to mean that rents accrued and unpaid prior to the unlawful detainer may be recovered in an unlawful detainer proceeding only when the landlord's right to possession is founded upon the tenant's failure to pay rent following the service of a three-day notice to pay rent or quit the premises under section 1161, subdivision 2. (*Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6, 10-12.) We agree with that conclusion.[4]

---

[3]The 1982 amendment to section 1174 substituted the word "possession" for the word "restitution" in the first sentence of subdivision (a). That amendment has no relevance to the proceeding before us.

[4]Since *Castle Park* is a decision of the appellate department of the superior court, it is not binding upon this court. (*Cotton* v. *Municipal Court* (1976) 59 Cal.App.3d 601, 604-605 [130 Cal.Rptr. 876]; *Patten-Blinn Lumber Co.* v. *Francis* (1958) 166 Cal.App.2d 196, 203-204 [333 P.2d 255]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 671, pp. 4584-4585.) For the reasons set forth herein, however, we find its reasoning persuasive on this issue.

Section 1161 sets forth the circumstances under which a tenant is guilty of unlawful detainer: at the expiration of a term or termination of a periodic tenancy by notice (subd. 1); after default in the payment of rent (subd. 2); after violating a covenant of the lease or rental agreement, other than the one for the payment of rent (subd. 3); subletting or committing waste contrary to the lease or agreement, or maintaining a nuisance or using the property for an unlawful purpose (subd. 4); or the failure of the tenant to vacate after giving notice that he intends to do so (subd. 5).

Generally, a 30-day notice or a 3-day notice must be served before an unlawful detainer proceeding may be instituted. A month-to-month tenancy, such as that involved in this case, may be terminated without reason by the giving of 30 days' written notice. (Civ. Code, § 1946.) When the tenant has defaulted in the payment of rent or has breached another provision of the lease, only 3 days' written notice is required prior to the institution of an unlawful detainer action. (§ 1161, subds. 2, 3 and 4.)

Section 1174, subdivision (b), expressly provides that rent due may be recovered in an unlawful detainer proceeding based upon a default in the payment of rent, a proceeding which pursuant to section 1161, subdivision 2, requires service of a 3-day notice to pay rent or quit the premises and proof of nonpayment of rent. (*Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6.)

Plaintiff contends that pretermination rent should also be recoverable in an action based upon a 30-day notice to quit. He argues that it does not serve the interests of judicial economy or the economic interests of the parties to require either the service of two separate notices (one 30-day notice of termination of tenancy and one 3-day notice to pay rent or quit) or the bringing of a separate civil action for rent due when the issue of rent due could be determined in the action based upon the 30-day notice.[5] Defendant, on the other hand, contends that the unlawful detainer proceeding should be restricted to the expeditious return of the real property to the owner, and that only when a default in the payment of rent is the basis for

---

[5]Professor Myron Moskovitz, who has written extensively on the subject of eviction, has observed that "[i]f a month-to-month tenant fails to pay rent, there appears to be no case, statute, or public policy reason prohibiting the landlord from serving the tenant with two notices (or one notice alleging two grounds), i.e., a 3-day notice to pay rent or quit and a 30-day notice that terminates the tenancy even if the rent is paid. However, the landlord must make the tenant's situation clear. If the notices are so worded that the tenant may reasonably believe that paying the rent will allow the tenancy to continue indefinitely, then one or both notices may be invalid for lack of clarity." (Cal. Eviction Defense Manual (Cont.Ed.Bar Supp. 1984) § 3.6A, pp. 15-16.) Since no 3-day notice to pay rent or quit is involved in this action, we need not determine whether an unlawful detainer proceeding could be based upon both a 3-day notice and a 30-day notice.

termination of the tenancy under a 3-day notice to pay or quit should non-payment of rent be litigated in that proceeding.

We conclude that section 1174 admits of only one construction. We reach this determination bearing in mind the following: "First, for many years the California Courts have adhered to the principle that the unlawful detainer statute is strictly construed and that relief not authorized by that statute may not be given due to the summary nature of the proceedings. (See, e.g., *Vasey* v. *California Dance Company, Inc.* (1977) 70 Cal.App.3d 742, 746-748 and cases cited therein.) Second, the primary purpose of an unlawful detainer proceeding is recovery of possession of the property. (*Markham* v. *Fralick* (1934) 2 Cal.2d 221, 227.) Third, extraneous matter is excluded from an unlawful detainer proceeding by 'confining the unlawful detainer action to issues directly relevant to the ultimate question of possession.' (*Green* v. *Superior Court* (1974) 10 Cal.3d 616, 634.) Fourth, a distinction is made in section 1174 between *rent* which has accrued prior to termination of the tenancy and the *damages* caused by the unlawful detention after the termination. (*Glouberman* v. *Coffey* (1955) 138 Cal.App.2d Supp. 906; *Chase* v. *Peters* (1918) 37 Cal.App. 358, 361.) Applying these principles, a lessor must clearly show that the statute allows rent as an incident to the primary purpose of trying the right to possession." (*Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6, 9-10, parallel citations omitted.)

Subdivision (a) of section 1174 provides for possible forfeiture "if the proceedings be for an unlawful detainer *after* neglect, or failure to perform the conditions or covenants of the lease or agreement under which the property is held, or *after* default in the payment of rent." (Italics added.) Subdivision (b) provides that the trier of fact "assess the *damages* occasioned to the plaintiff . . . by *any* forcible or unlawful detainer" and "find the amount of any *rent* due, if the alleged unlawful detainer be *after* default in the payment of rent." (Italics added.) It is apparent that the word "after" in both subdivisions means "based upon." Damages occasioned by the unlawful detainer are available in any unlawful detainer proceeding, regardless of the basis therefore. Forfeiture is available only when the proceeding is grounded upon one of the bases set forth in subdivision (a). Rent, likewise, is recoverable only when the proceeding is grounded upon the basis specified in subdivision (b), i.e., default in the payment of rent. It is therefore not recoverable in an unlawful detainer proceeding based upon a 30-day notice to quit.

This conclusion is consonant with the two unlawful detainer cases which are, by analogy, relevant to this issue. (See *Harris* v. *Bissell, supra,* 54 Cal.App. 307, 313-314 [pretermination rent not recoverable in proceeding based upon wrongful use of leased property]; *Pfitzer* v. *Candeias* (1921) 53

Cal.App. 737, 740-741 [200 P. 839] [appellate court construed judgment for "rent" as judgment for "damages" in proceeding based upon breach of covenant to keep livestock off wet alfalfa land since "under the provisions of section 1174 of the Code of Civil Procedure a judgment for rent, as such, is authorized only in case of default in payment of rent"].)[6]

Having determined that pretermination rent may not be recovered in an unlawful detainer proceeding which is based upon a 30-day notice to quit, and not upon default in the payment of rent, we next consider the proper method and result of objection to the inclusion of a request for such relief in the unlawful detainer complaint.

Defendant relies upon *Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6 and *Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446 [124 Cal.Rptr. 139] in contending that a complaint which improperly seeks pretermination rent is "invalid and of no effect whatsoever." Without discussion of this issue, the *Castle Park* court simply affirmed an order quashing service of the summons in one action and affirmed a judgment which followed the granting of a motion to strike the allegations of pretermination rent in the other. As to the first action, the court cited *Greene* v. *Municipal Court, supra,* for the proposition that "[w]hen a complaint seeks relief beyond that authorized under the unlawful detainer statutes, the five-day summons is improper." (*Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. at p. 8, fn. 1.)

*Greene* v. *Municipal Court,* however, involved a situation in which none of the relief requested in the complaint was available in an unlawful detainer proceeding. There the vendor under a contract for the conditional sale of real property attempted to bring an unlawful detainer proceeding against the defaulting vendee. The Court of Appeal determined that such a vendee is

---

[6]Plaintiff's reliance upon *La Cava* v. *Breedlove* (1946) 77 Cal.App.2d 129 [174 P.2d 880] is misplaced. There the court did affirm a judgment which included pretermination rent in a proceeding based upon a 30-day notice to quit, but solely on the basis that there was substantial evidence to support the trial court's finding of a reasonable value for use of the premises. The issue presented here was neither raised nor discussed. Thus the *La Cava* decision is not authority on this issue. (See *Peterson* v. *Lamb Rubber Co.* (1960) 54 Cal.2d 339, 343 [5 Cal.Rptr. 863, 353 P.2d 575] [cases are not authority for propositions not considered]; see also *In re Marriage of Havens* (1981) 125 Cal.App.3d 1012, 1016 [178 Cal.Rptr. 477].) Nor are we persuaded by plaintiff's contention that since *Castle Park* involved residential real property, its rationale should not be applied to an action involving commercial real property. The rule we apply here is based upon the unlawful detainer statutes which make no distinction between residential and commercial real property. (Compare *Schulman* v. *Vera* (1980) 108 Cal.App.3d 552, 560 [166 Cal.Rptr. 620] [refusing to apply rationale of *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], permitting defense of breach of covenant to repair residential premises, to commercial lease since court viewed *Green* as relating "almost entirely to the relationship between landlord and tenant in leases of urban, residential property"].)

not subject to removal by the summary method of unlawful detainer, and that the complaint actually sought rescission of the contract. (51 Cal.App.3d, at p. 451.) Since the complaint did not state any cause of action for unlawful detainer, a summons calling for a response in 30 days (§ 412.20), rather than the unlawful detainer summons calling for a response in 5 days (§ 1167), was required. (*Ibid.*) Since the summons in *Greene* was thus substantially defective, the trial court did not acquire jurisdiction over the parties served with it. (*Id.,* at p. 452.)

 Here, by contrast, there is no question but that the portion of the complaint which sought possession of the premises based upon the service of a 30-day notice to quit stated a proper claim for recovery. We do not deem that the inclusion of the improper request for pretermination rent rendered the entire complaint invalid or made the summons subject to a successful motion to quash service.[7] Rather, we hold that an objection to the request for pretermination rent may be raised by a motion to strike the allegations pertaining thereto or as a defense in the answer to the complaint.[8] (Cf. Cal. Eviction Defense Manual (Cont.Ed.Bar 1971) § 8.26, p. 67; *id.,* (Cont.Ed.Bar Supp. 1984) § 8.24, pp. 48-49 [motion to strike appears to be permitted in unlawful detainer action and seems to be the appropriate attack on an improper request for relief].)

IV.*

. . . . . . . . . . . . . . . . . . . . . . .

V.

For reasons set forth in the unpublished portions of this opinion, the judgment is reversed, and the trial court is directed to enter an order setting

---

[7]Therefore, to the extent that *Castle Park No. 5* v. *Katherine, supra,* 91 Cal.App.3d Supp. 6, 8, fn. 1, implicitly approves the granting of a motion to quash in such circumstances, we disagree with it.

[8]Since, for reasons set forth in the unpublished portions of this opinion, the default judgment entered herein must be reversed, defendant may raise his objection to plaintiff's recovery of pretermination rent upon remand to the court below.

*See footnote, *ante,* page 509.

aside the entry of default and permitting defendant to respond to the complaint.

Rouse, J., and Smith, J., concurred.