[No. B051585. Second Dist., Div. One. Dec. 6, 1990.]

WAYNE T. SATZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
VIRGINIA McMARTIN et al., Real Parties in Interest.

COUNSEL

Kinsella, Boesch, Fujikawa & Towle, Philip W. Boesch, Jr., Gregory J. Aldisert, Cathleen Collins, Munger, Tolles & Olson, Mark B. Helm and Robert N. Treiman for Petitioner.

No appearance for Respondent.

James H. Davis and William H. Waysman for Real Parties in Interest.

OPINION

VOGEL, J.—Section 48.7 of the Civil Code prevents a person charged with child abuse from suing the child, its parent or any witness for defamation arising from statements made by the child, its parent or any witness until after the criminal charges are resolved. We issued an alternative writ to consider whether the reference to "any witness" in section 48.7 could conceivably apply to a newscaster sued for defamation based upon his allegedly defamatory broadcasts about an ongoing child abuse investigation. Our conclusion is that it could not.

FACTS

On May 29, 1986, Virginia McMartin and Peggy Ann Buckey (Plaintiffs) filed suit against a number of entities and individuals, including Wayne T. Satz, a broadcast journalist employed by ABC Television, Inc. Reduced to

its essential allegations, the original complaint asserted that the now infamous investigation of the McMartin Preschool was conducted without a reasonable factual basis and that each of the named defendants, by various acts, caused damage to Plaintiffs. Satz's demurrers were sustained without leave to amend and in July 1987 Satz was dismissed from the action. Plaintiffs appealed and we reversed the order of dismissal in part, holding that the causes of action for defamation and "media malpractice" did not show on their face that they were barred by limitations and that, therefore, leave to amend should have been granted. (*McMartin* v. *Satz* (June 13, 1989) No. B032679 [nonpub. opn.].)[1]

On January 12, 1990, Plaintiffs filed their third amended complaint and, in their defamation cause of action against Satz, alleged acts dating back to 1983. Satz moved to strike all claims based on statements made prior to May 29, 1985, on the ground they were barred by limitations. (Code Civ. Proc., § 340, subd. (3); *McGuiness* v. *Motor Trend Magazine* (1982) 129 Cal.App.3d 59, 61-62 [180 Cal.Rptr. 784] [the one-year statute starts to run "upon the first general distribution to the public"].) The motion was granted with leave to amend.

On March 18, 1990, Plaintiffs filed their fourth amended complaint. As relevant to Satz and to the issue before us, the operative pleading alleges the following facts. Sometime in 1983, a parent of a former McMartin Preschool student complained to the police department of the City of Manhattan Beach that her child had been molested at the preschool. The city, knowing the claims were false or fantasized, nevertheless commenced a child abuse investigation and retained Children's Institute International (CII) to interview alleged victims to determine whether abuse had occurred and, if so, the identity of the perpetrators. After a negligently supervised and otherwise faulty investigation, CII reported to the city its conclusions that numerous acts of child abuse had occurred at the preschool and that Plaintiffs, among others, were the probable perpetrators of that abuse. Sometime in 1984, Plaintiffs were arrested, booked, and charged with child abuse. On January 17, 1986, the charges against Plaintiffs were dismissed.

With specific reference to the fourth cause of action for defamation, Plaintiffs allege that this action is not barred by subdivision (a) of section 48.7 of the Civil Code[2] because the prosecution of Plaintiffs for child abuse terminated before the action was filed and "the statements herein alleged to

---

[1] The complaint before us on the prior appeal was silent insofar as the dates of the alleged defamations were concerned.

[2] All further statutory references are to the Civil Code.

be defamatory were reasonably believed to be in furtherance of the prosecution of the criminal charges against plaintiffs referred to above to the extent such statements were made while the charges were pending before a trial court; . . ." Finally, Plaintiffs allege that "each defendant falsely stated to the public that numerous children had specifically identified plaintiff [*sic*] as a perpetrator of the foregoing offenses, including statements by defendant[] . . . Satz on multiple, sometimes daily, nationwide media broadcasts from the time that criminal charges were brought against plaintiffs until they were dismissed in 1986. . . ;" and that all of the publications were false and known to Satz to be false.

Satz's motion to strike those portions of the fourth amended complaint which alleged claims based upon broadcasts aired more than one year before the action was filed was denied, as was Satz's subsequent motion for reconsideration. We issued an alternative writ in response to Satz's petition for a writ of mandate, to consider whether Satz is a "witness" within the meaning of section 48.7 (if he is, the older claims would not be time-barred). For the reasons explained below, we conclude that he is not.[3]

## DISCUSSION

Subdivision (a) of section 48.7 provides: "No person charged by indictment, information, or other accusatory pleading of child abuse may bring a civil libel or slander action against the minor, the parent or guardian of the minor, or any witness, based upon any statements made by the minor, parent or guardian, or witness which are reasonably believed to be in furtherance of the prosecution of the criminal charges while the charges are pending before a trial court. The charges are not pending within the meaning of this section after dismissal, after pronouncement of judgment, or during an appeal from a judgment. [¶] Any applicable statute of limitations shall be tolled during the period that such charges are pending before a trial court."[4]

---

[3] The record reflects that Plaintiffs filed a fifth amended complaint sometime after the trial court ruled on Satz's motion to strike portions of the fourth amended complaint. Our comparison of the two pleadings suggests that they are indistinguishable insofar as the limitations issue is concerned.

[4] Subdivisions (b) through (f) of section 48.7 provide that:

"(b) Whenever any complaint for libel or slander is filed which is subject to the provisions of this section, no responsive pleading shall be required to be filed until 30 days after the end of the period set forth in subdivision (a).

"(c) Every complaint for libel or slander based on a statement that the plaintiff committed an act of child abuse shall state that the complaint is not barred by subdivision (a). A failure to include that statement shall be grounds for a demurrer.

Plaintiffs contend that Satz is a "witness" within the meaning of section 48.7 and that, therefore, their claims for defamation were tolled while the criminal charges against them were pending. Satz contends that the failure to allege (and the impossibility that Plaintiffs could amend to allege) that he witnessed any act of child abuse that was the subject of the criminal prosecution means that section 48.7 does not apply to him. The plain language of section 48.7, its legislative history, and general rules of statutory construction persuade that Satz is correct.[5]

Section 48.7 was adopted by the Legislature in 1981. As first introduced in the Assembly on December 1, 1980 (as Assem. Bill No. 42), the statute was quite brief:

"No person charged by indictment, information, or other accusatory pleading of battery against a minor or of annoying or molesting a minor may bring a civil libel or slander action *against the minor or against the parent or guardian of the minor* while the charges against that person are pending. [¶] Any applicable statute of limitations shall be tolled during the period that such charges are pending." (Assem. Bill No. 42 (1981-1982 Reg. Sess.) Dec. 1, 1980; italics added.[6]

The bill was amended in the Assembly on March 5, 1981, to read as follows:

"No person charged by indictment, information, or other accusatory pleading of battery against a minor or of annoying or molesting a minor may, while the charges against that person are pending, bring a civil libel or slander action against the minor, the parent or guardian of the minor, *or any witness*, based upon any statements made by the minor, parent or guardian, *or witness* which are reasonably believed to be in furtherance of the prosecution of the criminal charges. [¶] Any applicable statute of limitations shall be tolled during the period that such charges are pending." (Assem. Amend. to Assem. Bill No. 42, Mar. 5, 1981; italics added.)

"(d) Whenever a demurrer against a complaint for libel or slander is sustained on the basis that the complaint was filed in violation of this section, attorney's fees and costs shall be awarded to the prevailing party.

"(e) Whenever a prosecutor is informed by a minor, parent, guardian, or witness that a complaint against one of those persons has been filed which may be subject to the provisions of this section, the prosecutor shall provide that person with a copy of this section.

"(f) As used in this section, child abuse has the meaning set forth in Section 11165 of the Penal Code."

[5] Although section 48.7 was enacted nine years ago (Stats. 1981, ch. 253, § 1), there are no published opinions interpreting any part of it.

[6] Had this version been adopted, Plaintiffs would have no argument at all that it tolled the statute as to Satz, as there is no reference to "witnesses."

Further amendments (on Mar. 26, 1981, in the Assembly, and on June 8 and June 17, 1981, in the Senate) changed parts of the bill other than the references to "any witness" and added subdivisions (b) through (f).[7] ▮ The Legislative Counsel's Digest of the final version of the bill explains the purpose of section 48.7 as follows:

"Existing law does not prohibit a person charged with child abuse from bringing a civil libel or slander action against the minor, a parent or guardian of the minor, or a witness. However, there is no liability for libel or slander based on a privileged communication, including a communication intended to initiate or further an official proceeding such as a criminal prosecution.

"This bill would prohibit a person charged with child abuse, as defined, from bringing a civil libel or slander action against the minor, a parent or guardian of the minor, or a witness, based upon any statements made which are reasonably believed to be in furtherance of the prosecution of the criminal charge, while the charges against that person are pending before a trial court . . . ." (Legis. Counsel's Dig., Assem. Bill No. 42, Stats. 1981, ch. 253 (Reg. Sess.).)

We believe the plain meaning of the statute is to protect victims of child abuse, their parents or guardians, and witnesses to the acts of abuse from harassment by civil lawsuits for defamation while criminal proceedings are still pending. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244] [when the language of a

---

[7] After the March 26 amendment, subdivision (a) read as follows: "(a) No person charged by indictment, information, or other accusatory pleading of battery against a minor or of annoying or molesting a minor may bring a civil libel or slander action against the minor, the parent or guardian of the minor, or any witness, based upon any statements made by the minor, parent or guardian, or witness which are reasonably believed to be in furtherance of the prosecution of the criminal charges while the charges are pending before a trial court. The charges are not pending within the meaning of this section after dismissal, after pronouncement of judgment, or during an appeal from a judgment. [¶] Any applicable statute of limitations shall be tolled during the period that such charges are pending before a trial court." (Assem. Amend. to Assem. Bill No. 42, Mar. 26, 1981.)

After the June 8 amendment, subdivision (a) read as follows: "(a) No person charged by indictment, information, or other accusatory pleading of child abuse may bring a civil libel or slander action against the minor, the parent or guardian of the minor, or any witness, based upon any statements made by the minor, parent or guardian, or witness which are reasonably believed to be in furtherance of the prosecution of the criminal charges while the charges are pending before a trial court. The charges are not pending within the meaning of this section after dismissal, after pronouncement of judgment, or during an appeal from a judgment. [¶] Any applicable statute of limitations shall be tolled during the period that such charges are pending before a trial court." (Sen. Amend. to Assem. Bill No. 42, June 8, 1981.)

The June 17 amendment did not modify subdivision (a). (Sen. Amend. to Assem. Bill No. 42, June 17, 1981.)

statute is clear and unambiguous, its plain meaning controls].) This analysis is consistent with the intent of the Legislature, as reflected in a comment by the Assembly Office of Research following the Senate's amendment to Assembly Bill No. 42:

"This bill was introduced as a result of judicial concern that civil actions have intimidated witnesses in child abuse cases and have inhibited the prosecution of these cases . . . ." (Concurrence in Sen. Amend. to Assem. Bill No. 42, Assem. Office of Research, July 10, 1981.)

There is nothing in the language of the statute or in its history to suggest that the Legislature meant anything other than what it said—that a defamation action against the child, its parent (or guardian) or any *witness to the child abuse charged in the criminal proceeding* cannot be filed until after the criminal proceedings are concluded. (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 89-90 [260 Cal.Rptr. 520, 776 P.2d 222]; *Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 95 [22 Cal.Rptr. 670, 767 P.2d 1148].)

Accordingly, Plaintiffs' allegations are wholly insufficient to invoke the tolling provisions of section 48.7, and there is no conceivable way they could by amendment cure this deficiency. By the plain terms of the pleading, Satz is charged with stating to the public, on nationwide media broadcasts, that Plaintiffs were guilty of child abuse or, in Plaintiffs' own words, that Satz "stepped outside his protected role as a newsgatherer and reporter, to become a participant in the events on which he reported and did so to the extent that he became a creator of false news." There is no allegation, and there could not be on these facts, that Satz is or was a witness to any act of child abuse.[8]

Plaintiffs try to avoid this result by misreading our opinion on their earlier appeal, suggesting that we there held that section 48.7 does apply on these facts. They are mistaken. We did, of course, note Plaintiffs' contention

---

[8] Moreover, the statute is clear that the statements it refers to are made "in furtherance of the prosecution," not simply those relevant to the case, and the word "prosecution" in this context cannot reasonably be read to mean anything more than the People's case against the accused. (See Black's Law Dict. (5th ed. 1979) p. 1099; Webster's Third New Internat. Dict. (1981) p. 1820.) We therefore reject Plaintiffs' suggestion that the relevance of Satz's statements to their defense of a "set-up" makes him a witness within the meaning of section 48.7. (See also the Assem. Office of Research's Concurrence in the Sen. Amend. to Assem. Bill No. 42, *supra*, noting that the bill was introduced because civil actions against witnesses in child abuse cases "inhibited *the prosecution* of these cases." (Italics added.) On the other hand, our use of the words "witness to an act of child abuse" is not intended to apply only to eye witnesses. For example, a physician called by the People to testify that he or she had examined the child and concluded, as an expert, that the child was in fact abused, would be a "witness" within the meaning of section 48.7.

that Satz is a "witness" within the meaning of section 48.7 "by virtue of [his] being 'witness[] to [plaintiffs'] innocence and the actual facts of the child abuse investigation/'set up.'" Having noted that contention, we then *assumed for purposes of discussion* that section 48.7 might apply and held that, assuming it did, it was not sufficiently pleaded. ██ ██ ██ Now that the pleading defects have been corrected, we reach—for the first time—the question whether Satz was a witness within the meaning of section 48.7 and hold, on the merits, that he was not.[9]

### DISPOSITION

Let a writ of mandate issue directing the trial court to (1) vacate its order denying Satz's motion to strike, and (2) enter a new order granting the motion insofar as it is based on section 48.7.[10]

Spencer, P. J., and Devich, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied March 14, 1991.

---

[9] We reject Plaintiffs' contention that Satz's motion to strike, directed at allegations of specific dates, is insufficient to raise the "witness" issue under section 48.7 because Satz did not move to strike the allegation that Satz was a witness. The motion was sufficient because the basis for striking the allegations of stale claims is Satz's assertion that those claims are barred because Plaintiffs' claims were not tolled by section 48.7. (*Saberi* v. *Bakhtiari* (1985) 169 Cal.App.3d 509, 517 [215 Cal.Rptr. 359] [motion to strike is appropriate vehicle to attack allegations requesting improper relief].)

[10] Plaintiffs contend their fifth amended complaint alleges delayed discovery of their claims against Satz, and that the pre-1985 statements are therefore still actionable. Satz disagrees. This issue was not raised by the petition, and we therefore do not decide it at this time, leaving it to the trial court to consider when Satz responds to the fifth amended complaint.