181 Cal.App.3d 1148 (1986)
226 Cal. Rptr. 817
ALBERT BALASSY, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ALBERT SCHMUCK, Real Party in Interest.
Docket No. B017141.
Court of Appeals of California, Second District, Division Four.
June 3, 1986.
*1149 COUNSEL
Max Abrams for Petitioner.
No appearance for Respondent.
*1150 Frank H. Whitehead, Jr., for Real Party in Interest.
OPINION
WOODS, P.J.
This proceeding in mandate presents the question whether a trial court in an unlawful detainer action has jurisdiction to condition entry of judgment for lessee's possession upon his immediate payment of pendente lite rents, when the lessor has failed to prove unlawful detainer.
As we explain in the following discussion, a trial court has no such jurisdiction.
The facts are simple and not in material dispute.[1] After service of a 30-day statutory notice of termination of tenancy, landlord commenced an unlawful detainer action in municipal court based exclusively on the theory that tenant was guilty of unlawful detainer by creating a nuisance interfering with other tenants' quiet enjoyment of the apartment premises. No three-day statutory notice to pay delinquent rent or quit the premises was served nor was delinquent rent a ground alleged in the complaint. Tenant, in pro. per., denied the unlawful detainer and asserted the affirmative defense of retaliatory eviction. Tenant refused to vacate the premises upon landlord's statutory notice and remained in possession at all times thereafter. Tenant ceased payment of rents after the action commenced.
After trial, the jury returned special verdicts finding that tenant was not guilty of unlawful detainer; that landlord was guilty of an attempted unlawful retaliatory eviction, and that tenant was entitled to possession of the premises. But the jury also found that tenant nevertheless must pay to landlord within five days $1,207 in unpaid pendente lite rentals or else judgment for possession should be awarded to landlord.
(1) Tenant timely paid the pendente lite rentals and appealed from that portion of the municipal court judgment compelling him to do so.[2]
On appeal, the superior court appellate department affirmed the judgment. Judge Shabo, dissenting, aptly pointed out the absence of authority for the *1151 affirmance. Petitioner's application for certification of the case to the Court of Appeal was denied.
We issued the alternative writ because the issue presented is important and jurisdictional and is likely to reoccur often, particularly in view of the suggestion in the appellate department dissent that municipal courts now follow the challenged procedure.

I
(2) It is well established that unlawful detainer actions are wholly created and strictly controlled by statute in California. The "mode and measure of plaintiff's recovery" are limited by these statutes. The statutes prevail over inconsistent general principles of law and procedure because of the special function of unlawful detainer actions to restore immediate possession of real property. (Markham v. Fralick (1934) 2 Cal.2d 221, 225-227 [39 P.2d 804]; Kwok v. Bergren (1982) 130 Cal. App.3d 596, 599 [181 Cal. Rptr. 795]; Vasey v. California Dance Co. (1977) 70 Cal. App.3d 742, 748 [139 Cal. Rptr. 72].)
Code of Civil Procedure section 1161 et seq. set forth the jurisdictional and procedural law. (3) Code of Civil Procedure section 1174 controls the trial court's jurisdiction to enter judgment for possession in unlawful detainer actions and to award collateral rents and damages. It provides, in critical part: "(a) If upon the trial, the verdict of the jury, or, if the case be tried without a jury, the findings of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the possession of the premises; ...
"(b) The jury or the court, ... shall also assess the damages occasioned to the plaintiff by any ... unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of rent due, if the alleged unlawful detainer be after default in the payment of rent."[3] (Italics added.)
*1152 The language of Code of Civil Procedure section 1174 makes clear that a court has no jurisdiction to condition entry of judgment for possession in defendant's favor upon defendant's immediate payment of pendente lite rents where the plaintiff does not prevail upon the foundational issue of unlawful detainer and right to possession.
The case squarely controlling is Markham v. Fralick, supra, 2 Cal.2d 221. Markham holds that possession is the principal subject of unlawful detainer actions and the entitlement of the plaintiff lessor to recover damages or rents therein is wholly dependent upon the lessor prevailing on the issue of unlawful detainer.
In Markham, supra, 2 Cal.2d 221, the lessor served a three-day pay rent or quit notice only upon the lessee and not the sublessees in actual possession. Lessor elected to retain the sublessees in possession as her tenants. The lessee formally abandoned and relinquished entitlement to possession before the three-day period ran. The lessee accordingly prevailed at trial on the issue of unlawful detainer, but the lessor claimed entitlement to recover unpaid preaction rents and taxes as against the lessee. Markham rejected this claim. It held that unlawful detainer actions are strictly controlled by the statutes, thus rents and damages may be awarded only when authorized thereby. Quoting from Chase v. Peters (1918) 37 Cal. App. 358, 361 [174 P. 116], the Markham court pointed out: "`this recovery [of unpaid rentals] can only be had against the person guilty of such [unlawful] detention, for the main thing sought is the possession of the property. [Citation.]'" "The primary purpose of such an action is for the recovery of the possession of the property. The recovery of rent is a mere incident to the main object. [Citation.] When the main object of the action fails, the incidents fall with it. [Citation.]" (Markham v. Fralick, supra, 2 Cal.2d at pp. 226-227.) (Accord Arnold v. Krigbaum (1915) 169 Cal. 143, 146 [146 P. 423]; Vasey v. California Dance Co., supra, 70 Cal. App.3d at p. 748; Fontana Industries v. Western Grain Co. (1959) 167 Cal. App.2d 408, 411-412 [334 P.2d 611]; Karz v. Mecham (1981) 120 Cal. App.3d Supp. 1, 5-6 [174 Cal. Rptr. 310].)
Markham is materially indistinguishable from our case. The distinction that the plaintiff below wholly failed to prove unlawful detainer on the basis of nuisance, while the Markham plaintiff wholly failed to prove unlawful detainer due to the lessee's timely abandonment of the premises, is not material to the jurisdiction issue. Also immaterial is the distinction that the Markham plaintiff sought only pretermination rents while our plaintiff seeks pendente lite rents. All rents accruing prior to verdict must logically be treated the same under the Markham statutory construction and rationale. It was a clear abuse of discretion for respondent to have ruled otherwise. *1153 (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal. Rptr. 321, 369 P.2d 937].)
All of the general case language relied upon by landlord and the majority in the appellate department is inapposite because it is taken from cases wherein the landlord proved an unlawful detainer (based upon failure to pay the amount of pretermination rent lawfully due after demand by statutory notice) and the trial court correctly awarded full or pro rata preaction and pendente lite rents incident to the unlawful detainer.[4] These cases do not consider the critical issue now before us, involving the landlord's total failure to establish unlawful detainer, and are therefore no authority thereon. (People v. Ceballos (1974) 12 Cal.3d 470, 481 [116 Cal. Rptr. 233, 526 P.2d 241]; Fricker v. Uddo & Taormina Co. (1957) 48 Cal.2d 696, 701 [312 P.2d 1085].)
Because resolution of the question of jurisdiction is clearly compelled by statute and case law, we need not detail the numerous vices a contrary rule would occasion. (See Markham v. Fralick, supra, 2 Cal.2d at p. 227; Karz v. Mecham, supra, 120 Cal. App.3d Supp. 1, 5-6; Barela v. Superior Court (1981) 30 Cal.3d 244, 249-251 [178 Cal. Rptr. 618, 636 P.2d 582].)
Real party landlord's public policy arguments, for avoiding multiplicity of actions and for "doing equity," cannot overcome unequivocal statutory restrictions. These policy arguments have been rejected in prior cases. (Markham v. Fralick, supra, 2 Cal.2d at pp. 225-226; Saberi v. Bakhtiari, supra, 169 Cal. App.3d 509, 514-515; Karz v. Mecham, supra, 120 Cal. App.3d Supp. at pp. 5-6.)
A landlord has other remedies available by which he can collect the unpaid rents.
Let a peremptory writ of mandate issue directing the Appellate Department of the Los Angeles Superior Court to issue an order directing the Municipal Court for the Los Angeles Judicial District to vacate its judgment entered April 9, 1985, in case No. A 54246, entitled Albert Schmuck v. Albert Balassy, and to enter a new and different judgment in defendant's favor, *1154 consistent with the views discussed herein, and providing for refund of $1,207.41 to defendant tenant. (See Randone v. Appellate Department (1971) 5 Cal.3d 536, 542-543, 564 [96 Cal. Rptr. 709, 488 P.2d 13].)
McClosky, J., and Arguelles, J., concurred.
NOTES
[1] To facilitate review, we take judicial notice of the contents of the superior court case file.
[2] Such compulsory payment to avoid forfeiture of the right to possession did not effect a waiver of tenant's entitlement to appeal that portion of the judgment and does not render the issue moot. (Lee v. Brown (1976) 18 Cal.3d 110, 115-116 [132 Cal. Rptr. 649, 554 P.2d 1121].)
[3] The term "after" as used here has been determined to mean "based upon." (Saberi v. Bakhtiari (1985) 169 Cal. App.3d 509, 515 [215 Cal. Rptr. 359].) It thus requires the unlawful detainer action to be based upon default in payment of rent for the plaintiff to recover rents and to be based upon other breaches of tenancy covenants for recovery of "damages." (Saberi v. Bakhtiari, supra, 169 Cal. App.3d 509; Vasey v. California Dance Co., supra, 70 Cal. App.3d 742, 748; Mihans v. Municipal Court (1970) 7 Cal. App.3d 479, 489 [87 Cal. Rptr. 17].)
[4] See Green v. Superior Court (1974) 10 Cal.3d 616, 639 [111 Cal. Rptr. 704, 517 P.2d 1168] [holding that tenant owes and is required to pay only part of the demanded rent to retain possession, due to partial uninhabitability defense]; Keyes v. Moy Jin Mun (1902) 136 Cal. 129, 130-131 [68 P. 476]; Fontana Industries v. Western Grain Co., supra, 167 Cal. App.2d at page 411; Roberts v. Redlich (1952) 111 Cal. App.2d 566, 568-570 [244 P.2d 933]; Flournoy v. Everett (1921) 51 Cal. App. 406, 408 [196 P. 916]; Strickland v. Becks (1979) 95 Cal. App.3d Supp. 18 [157 Cal. Rptr. 656] [tenant found to owe only part of unpaid rent claimed by landlord, due to partial uninhabitability of premises, and was held to be "prevailing party" for purposes of awarding costs after paying pro rata portion of rent].