[No. D006845. Fourth Dist., Div. One. May 23, 1989.]

GERALD HUDEC et al., Plaintiffs and Respondents, v.
NYE W. ROBERTSON, Defendant and Appellant.

**COUNSEL**

Singer & Crawford and David P. Crawford for Defendant and Appellant.

Suuzen Ty Anderson for Plaintiffs and Respondents.

**OPINION**

**HUFFMAN, J.**—Nye W. Robertson appeals from a money judgment of $39,675 in favor of La Jolla Boulevard Associates (LJB Associates) entered pursuant to a postjudgment order in this unlawful detainer action. As we shall explain, the judgment must be reversed as it and the order on which it is based are void for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Once again we view the premises at 5734-5740 La Jolla Boulevard, La Jolla, California (the property), some 5,600 square feet of commercial building, which at one time housed various businesses, and attempt to unravel this latest development stemming from one of the numerous lawsuits concerning the master lease to the property.

The saga began in 1976 when Robertson leased the property from Robert Brady for the term of 10 years with a 5-year option to renew. Robertson then converted the shell-type building into four contiguous retail spaces and, relying on his option to renew, subleased each space. Sometime thereafter, Robertson and Brady modified the lease giving Robertson a second five-year option from 1991 to 1996 and a third written modification extending the lease term to the year 2000.

Brady subsequently sold the property to a group of investors, Gerald Hudec, Judy Hudec, Stephen A. Miller, Thomas J. Rice, Martin H. McGee and LJB Associates (the individual investors are referred together collectively with LJB Associates for factual and background purposes) and had Robertson sign a tenant estoppel certificate. Because a copy of the additional options was not included with the lease and estoppel certificate at the time of sale, LJB Associates objected to Robertson's claim to these extensions and filed a declaratory relief action to clarify the leasehold estate. This action was terminated by a written settlement agreement and mutual release which reaffirmed Robertson's existing lease and the one five-year option in exchange for his forfeiture of the second five-year option and his extension to the year 2000.

Robertson thereafter exercised his option to renew the lease and began a period of negotiations with LJB Associates concerning the rental rate for the option period to begin April 1, 1986. Unfortunately, the matter was not resolved short of further litigation, as evidenced by numerous cases filed concerning the property as well as the matter presently before this court.[1]

On April 1, 1986, LJB Associates refused Robertson's payment of rent under the old contract/lease rate and a few days later filed this unlawful detainer action against Robertson and his subtenants. This action alleged LJB Associates had a right to possession because Robertson failed to properly execute the lease option and alleged the right to damages because Robertson and his subtenants were holdover tenants after the lease expired April 1, 1986. Robertson and the subtenants denied these allegations.

After jury trial, judgment was entered in favor of Robertson and the other defendants, and LJB Associates' motions for judgment notwithstanding the verdict, or alternatively for a new trial, were denied. At the request of LJB Associates, an amended judgment was entered incorporating the special jury finding that the reasonable rental rate for the five-year option period was 80 cents per square foot. LJB Associates appealed from the amended judgment, and cross-appeals were filed by Robertson and one subtenant, Julius Seman.

Pending the appeal, LJB Associates filed another unlawful detainer action against Robertson and the subtenants (Super. Ct. No. 570814), based upon the alleged nonpayment of rent at the reasonable rental rate determined in this action. At trial in that second case, judgment was again entered in favor of all defendants, this time on grounds the notice to pay rent or quit was defective. LJB Associates did not challenge that judgment.

However, unsatisfied with the results so far, and frustrated by the fact Robertson was still in possession of the property and not paying any rent pending the appeal, LJB Associates brought a motion before the trial court

---

[1] At the time this action was filed, other unlawful detainer actions concerning the property were pending which had been filed by Robertson against his subtenants for failure to pay rent: San Diego Superior Court (Superior Court) case No. 388472 againt subtenant Lynne Holz; Superior Court case No. 390348 against subtenant Gary Cowell; and Superior Court case No. 561055 against subtenant Julius Seman, operator of the Restaurant Rosemaryn.

Another action against Seman was also on file, Superior Court case No. 551208, Rahnamaie v. Seman, which sought payment from Seman for the purchase price of the restaurant on the property. In that action, Seman cross-complained against Robertson for the prospective termination of the leasehold interest and Robertson cross-complained against LJB Associates for specific performance of and declaratory relief that the lease option was validly exercised and the lease did not expire until 1991, and for damages. Holz also filed an action for prospective loss of her sublease as a result of LJB Associates' claim that the master lease would expire April 1, 1986.

in this case for a postjudgment order in equity. At the same time, the court entertained a motion by Robertson for a preliminary injunction.[2]

LJB Associates' motion for equitable relief allegedly dealt with events that took place since the time of the amended judgment in this case: The failure of Robertson to pay rent, the failure of Robertson to post a bond, and the issue whether LJB Associates had a right to bring a new action based upon the same lease agreement involved in the amended judgment. LJB Associates argued the court had jurisdiction to grant relief on these issues under Code of Civil Procedure section 916[3] as the matters requested were collateral to, or, alternatively, a continuance of the issues on appeal. LJB Associates asserted the court had the right to fashion an equitable remedy to satisfy its right to receive some sort of monies for the use of their property pending the appeal.

Robertson questioned whether the court did in fact have jurisdiction to grant LJB Associates' relief as requested. If the court determined it did have jurisdiction, Robertson wanted some form of preliminary injunction to protect the property from demolition or alienation pending the appeal.

The court determined it had jurisdiction and ordered Robertson to come up with 13 months of back rent under the old contract/lease rate of $2,645 per month within 30 days or a writ of possession would issue in favor of LJB Associates. It was further specified the order would include a provision that LJB Associates could not demolish the property pending the appeal and that if Robertson could not come up with the rent, a money judgment would be entered in LJB Associates' favor in an amount representing the total past rent due. Without discussion, the court then denied Robertson's motion for a preliminary injunction to prevent LJB Associates from bringing any other unlawful detainer actions while this case was on appeal.

Not quite two months later, the parties were back before the trial court requesting clarification of this postjudgment order. After extensive rehashing of the matter, the court ordered as follows: "1. As a condition to

---

[2] By the time of these motions, the various lawsuits concerning the property had either concluded or had wended their ways in and around the trial court and this court a few times. The cases between Robertson and Holz were settled; Robertson's cases against Seman and Cowell resulted in judgments in his favor; the unlawful detainer cases filed against him by LJB Associates, he won; and the Rahnamaie case was still proceeding, and still is.

By request of the parties we have taken judicial notice of the superior court file in the Rahnamaie case, the appeal cases D004882, concerning Seman's appeal of Superior Court case Nos. 561055, D004907 and D006393, concerning the appeal and writ proceedings in this case, and D009286, concerning a writ of mandate in the Rahnamaie case.

[3] All statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

remaining in possession of [the property] defendant ROBERTSON shall pay plaintiff LA JOLLA BOULEVARD ASSOCIATES the amount of $39,675.00 on or before June 15, 1987, which amount constitutes rent at the former contractual rate of $2,645.00 per month for the period April 1, 1986 through June 30, 1987. [¶]2. Should defendant ROBERTSON fail to pay the rent referenced in Paragraph 1, above, defendant ROBERTSON is hereby ordered to immediately surrender possession of [the property] to plaintiff. Should defendant ROBERTSON fail to comply with this aspect of the Order, a Writ of Possession shall immediately issue. [¶]3. Should defendant ROBERTSON fail to pay the rent required in Paragraph 1, judgment in favor of plaintiff LA JOLLA BOULEVARD ASSOCIATES in the amount of $39,675.00, being rent at the former contractual rate of $2,645.00 per month for the period April 1, 1986 through June 30, 1987, against defendant ROBERTSON shall issue forthwith. [¶]4. As a condition to the injunction set forth in Paragraph 5 below, defendant ROBERTSON shall post an undertaking in the amount of $100,000.00, with sufficient sureties, to the effect that defendant ROBERTSON will pay plaintiff LA JOLLA BOULEVARD ASSOCIATES such damages as plaintiff may sustain by reason of the injunction ordered herewith, if it is finally determined that defendant ROBERTSON was not entitled to the injunction. Said undertaking shall be posted and served on or before June 15, 1987. [¶]5. Provided that the undertaking set forth in Paragraph 4, above, is posted by defendant ROBERTSON, plaintiff LA JOLLA BOULEVARD ASSOCIATES is hereby enjoined from developing or otherwise materially changing the condition of [the property] pending final resolution of [this case]. [¶]6. Plaintiff is temporarily restrained through June 15, 1987 from developing or otherwise materially changing the condition of [the property] pending final resolution of [this case]. This temporary restraining order shall lapse as of 5:00 p.m. June 15, 1987. [¶]7. The motion of defendant ROBERTSON for a preliminary injunction enjoining further unlawful detainer proceedings is denied."

Robertson did not come up with the money and possession was immediately surrendered to LJB Associates. Robertson then petitioned this court for a writ of prohibition or alternative stay order, which we denied. Subsequently, on July 13, 1987, LJB Associates had entered in its favor a judgment in the amount of $39,675 against Robertson pursuant to the trial court's postjudgment order.[4] Robertson appealed from this money

---

[4] Although we have taken judicial notice of the papers and pleadings filed below in the trial court in this case (Super. Ct. No. 561604), the second volume of the three volumes is missing. We are thus unable to verify whether the undertaking in the amount of $100,000 was ever filed so as to enjoin LJB Associates from developing or otherwise materially changing the condition of the property pending the appeal of the underlying amended judgment or the present appeal.

We do note, however, that in the petition for writ of mandate in the Rahnamaie case, it is recited as a fact that Robertson could not pay the $100,000 but has on file a lis pendens on the

judgment. He then brought before us, and we granted, an unopposed motion to stay the appellate proceedings on this postjudgment judgment pending resolution of the appeal on the underlying judgment in the case.

On August 2, 1988, we issued our unpublished opinion in that appeal (*Hudec* v. *Robertson* (Aug. 2, 1988) D004907), affirming the judgment in Robertson's favor and against LJB Associates. We held sufficient evidence supported the jury determination LJB Associates had not proven unlawful detainer and found that the jury properly determined the uncertain monthly rental term for the lease option to be reasonably valued at 80 cents per square foot or $4,480 per month. That appeal having been resolved, we now address the matters before us in this appeal.

## DISCUSSION

### JURISDICTION

■ The gist of Robertson's appeal is that the trial court did not have jurisdiction to make the postjudgment order for rent payment to LJB Associates and to enter a judgment upon that order. He asserts two basic grounds for lack of jurisdiction: 1) the unlawful detainer action as based on strict statutory proceedings did not provide the court with jurisdiction to render such relief and 2) the appeal of the original judgment in this case divested the trial court of jurisdiction to enter the postjudgment order for payment of past rent and money judgment it entered. We agree the court had no jurisdiction in this case to grant such postjudgment relief and reverse.

■ It is well established in California that unlawful detainer actions are purely statutory (*Balassy* v. *Superior Court* (1986) 181 Cal.App.3d 1148, 1151 [226 Cal.Rptr. 817]), summary (*Goetze* v. *Hanks* (1968) 261 Cal.App.2d 615 [68 Cal.Rptr. 150]), and only damages authorized by statute as being incidental to recovery of the premises are recoverable in these proceedings (*Roberts* v. *Redlich* (1952) 111 Cal.App.2d 566 [244 P.2d 933]). The purpose of such actions is to expedite return of possession of real property wrongfully withheld or detained. (See *Knowles* v. *Robinson* (1963) 60 Cal.2d 620, 625 [36 Cal.Rptr. 33, 387 P.2d 833].) To this end, "[t]he statutes prevail over inconsistent general principles of law and procedure because of the special function of unlawful detainer actions to restore immediate possession of real property. [Citations.]" (*Balassy* v. *Superior Court, supra,* 181 Cal.App.3d 1148, 1151.) Any statutory allowance of incidental

property which in effect protects the property. We denied the petition because there was no showing of abuse by the trial court in denying a recent motion to expunge the lis pendens.

relief is strictly construed. (*Markham* v. *Fralick* (1934) 2 Cal.2d 221, 227 [39 P.2d 804].)

Section 1161 et seq. sets forth the jurisdictional and procedural law for unlawful detainer actions. Section 1174 provides the court's jurisdiction to enter judgment for possession and to award incidental rents and damages. As aptly discussed in *Balassy* v. *Superior Court, supra,* 181 Cal.App.3d 1148, established California law holds "that possession is the principal subject of unlawful detainer actions and the entitlement of the plaintiff lessor to recover damages or rents therein is wholly dependent upon the lessor prevailing on the issue of unlawful detainer." (*Id.* at p. 1152.) Thus there can be no damage award if the landlord fails to prove an unlawful detainer. (*Id.* at p. 1151.)

And, even if the landlord does prevail, only damages that "result from the unlawful detention and accrue during that time" are proper. (*Vasey* v. *California Dance Co.* (1977) 70 Cal.App.3d 742, 748 [139 Cal.Rptr. 72].) An award of rent is only allowable if the unlawful detainer is based on the nonpayment of rent. (*Saberi* v. *Bakhtiari* (1985) 169 Cal.App.3d 509, 515 [215 Cal.Rptr. 359]; *Castle Park No. 5* v. *Katherine* (1979) 91 Cal.App.3d Supp. 6, 10-12 [154 Cal.Rptr. 498].) Moreover, the award of damages for breaches of the lease occurring before the unlawful detainer (*ibid.*) and of "future damages" for continued unlawful possession beyond the date of the judgment until such time as possession is returned to the landlord are not permitted in unlawful detainer. (*Superior Motels, Inc.* v. *Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d 1032, 1073 [241 Cal.Rptr. 487].)

LJB Associates, like the plaintiff in *Balassy, supra,* 181 Cal.App.3d 1148, did not prevail on the issue of unlawful detainer after a jury trial, and we have subsequently upheld that decision on appeal. Nor did it base its unlawful detainer action on Robertson's nonpayment of rent. It therefore was not entitled to an order and judgment for damages or rents as part of the judgment, as a modified judgment or as a collateral matter after the judgment.

While the court here did not conditionally enter a judgment for possession in Robertson's favor upon Robertson's immediate payment of rents to LJB Associates as the court in *Balassy* did concerning the defendant there (*Balassy* v. *Superior Court, supra,* 181 Cal.App.3d 1148, 1151), the post-judgment order in this case in effect provided the same result. It provided for Robertson's loss of possession of the property if he didn't pay LJB Associates a reasonable rental value for the 15 months of possession Robertson had had since the commencement of the unlawful detainer action in April 1986 and for every month in the future pending the appeal. The order

also provided that if Robertson lost possession, a money judgment for the amount of back rent due at the time the order was made would be entered in favor of LJB Associates.

As we noted in our opinion on the underlying judgment in this case, the trial court granted LJB Associates possession of the property and entered judgment against Robertson for $39,675 "[a]lthough there was no pleading to support a finding of any default in payment of rent or compliance with the statutory three-day notice . . . ." (*Hudec* v. *Robertson, supra,* D004907.) The trial court was without jurisdiction to enter relief for LJB Associates for any default in rent.

Even liberally construing the trial court's order as a bond for Robertson's writ of possession of the property or executing on his judgment pending appeal,[5] and assuming such was proper, which we do not decide here, the money judgment in LJB Associates' favor is still in excess of the trial court's jurisdiction. LJB Associates' proper course would have been to just take possession of the property pursuant to that order and seek monetary damages for rents owed in an independent civil action or to bring another unlawful detainer based on default in rent payments, properly following the statutory requirements. Litigation of a new cause of action on the same real property rental or lease agreement is permitted despite appeal by any party. (§ 1176(b).) That LJB Associates chose not to challenge the dismissal of the second unlawful detainer action does not make that dismissal judgment correct.

All of the case language relied upon by LJB Associates for its position the money judgment is a proper reflection of the damages owed it for Robertson's continued possession of the property is inapposite because it is taken from cases where the landlord proved an unlawful detainer. LJB Associates did not prevail on its unlawful detainer. Its reference to the special jury finding of the reasonable value of rent in its favor does not persuade otherwise.

---

[5] LJB Associates points out that at the time the original amended judgment was rendered in this case the court crossed out from the proposed judgment the phrase "the rent for the months of April, May, June, July and August is now due and payable" after the reasonable rental value finding by the jury and stayed the judgment at Robertson's request, telling the parties that they "should get together and work out a reasonable rental basis" while the case was on appeal. While the court during the first hearing on the postjudgment motion did state it had taken such action at the time of the amended judgment, a review of the transcript of that earlier judgment does not reflect that the court stayed anything in this case at Robertson's request. What that record does reflect is that other matters involving Robertson and his subtenants were stayed. In light of the numerous matters ongoing concerning the property, it is easy to understand the trial court's merging of memories regarding actions taken as to the master tenant and subtenants.

The jury found LJB Associates had not proven that Robertson's lease had expired and that he had not validly exercised the five-year option. The jury specifically found LJB Associates failed to negotiate in good faith regarding the only term missing for the valid exercise of the lease option, its reasonable rental rate. The jury also made a special finding of what that rate should be; it did not find that Robertson was in default for that amount in rent. That rental rate was a term of the lease. If it was thereafter breached, LJB Associates could then bring an unlawful detainer action for that breach or default in rent. The determination by the jury of the reasonable rental value of that option lease term simply does not establish LJB Associates as a prevailing party on the unlawful detainer action.

LJB Associates' attempt to apply the trial court's inherent equity jurisdiction to save the postjudgment order and judgment is likewise unpersuasive. While the broad scope of equity in unlawful detainer actions has long been recognized (*Schubert* v. *Lowe* (1924) 193 Cal. 291, 295 [223 P. 550]), such "must be exercised pursuant to the principle that equity follows the law." (*Johnson* v. *Tago, Inc.* (1986) 188 Cal.App.3d 507, 518 [233 Cal.Rptr. 503].)

Citing section 916,[6] LJB Associates assert the equity here follows the court's jurisdiction to consider matters collateral to the original amended judgment or matters not embraced or affected by that judgment. Its argument goes something like this: Because an unlawful detainer judgment is not automatically stayed pending appeal (§ 917.4) and another unlawful detainer action can be brought while one is on appeal (§ 1176(b)), the matter of rent during the time Robertson was in possession of the property after the alleged unlawful detainer and pending appeal was an issue collateral to the matters embraced by the appeal. Thus the postjudgment order and subsequent money judgment were collateral matters not affected by the unlawful detainer judgment and the trial court's use of an equitable solution to the problem of Robertson's continued possession without paying rent was within its jurisdiction.

We are sympathetic to the problems involved in this case confronting the trial judge. Were we sitting in that position faced with these perplexing questions, we may have similarly taken equitable action. Though we find it

---

[6]Subdivision (a) of section 916 states that except as provided in certain statutes, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

Subdivision (b) of this section states: "When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from."

laudable that the trial court attempted to resolve the constant logjamming of the property in its course through the courts and to prevent its further destruction via drifting through more legal courses, the statutory route before the court did not provide for such equity jurisdiction. The complaint was for unlawful detainer specifically based upon the alleged expiration of Robertson's lease, not on his failure to pay rent. Robertson and not LJB Associates prevailed in the action. Unequivocal statutory restrictions preclude expansion of unlawful detainer by "doing equity." (*Balassy* v. *Superior Court, supra,* 181 Cal.App.3d 1148, 1153.)

Nor can LJB Associates save the trial court's postjudgment action on the basis Robertson is estopped to deny the trial court's jurisdiction to fashion the postjudgment relief. Although the trial court when confronted with the postjudgment motion gave Robertson the choice of some type of bond being posted or of having LJB Associates file another three-day notice concerning the payment of rent, and Robertson expressed the desire to have time to see if he could borrow money so he could preserve the lease, such circumstances do not constitute an estoppel in light of the nature of this case.

■ The general rule is that subject matter jurisdiction cannot be conferred by consent, waiver or estoppel. (*Campbell* v. *Cory* (1983) 142 Cal.App.3d 992, 996 [191 Cal.Rptr. 430].) Where jurisdiction of a court depends on the type of proceeding, the plaintiff's complaint usually determines subject matter jurisdiction. (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 11 et seq., pp. 376-379.) However, where the court has subject matter jurisdiction, a party who seeks or consents to an action beyond the court's statutory power or power set by decisional rule may be estopped to complain of the subsequent action of the court in excess of its jurisdiction. (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) The question of whether a party should be estopped depends on "the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy." (*Id.* at p. 348.)

■ Here, the court did not have the subject matter jurisdiction to do other than determine what was placed before it: unlawful detainer based upon a lease termination because the option to renew the lease was allegedly not exercised properly. If proven, the cause before the court would have allowed it to grant the landlord, LJB Associates, damages for the reasonable rental value. It was not proven. As discussed already, unlawful detainer is purely statutory and strictly construed. We see no reason to depart from this long-established scheme which furthers the summary purpose of determining and protecting real property possession rights.

OTHER CONTENTIONS

In light of our determination the trial court had no jurisdiction to enter the postjudgment order for past rent due and subsequently enter a money judgment based on that order, we do not address Robertson's other contentions.

DISPOSITION

The judgment appealed from is reversed.

Wiener, Acting P. J., and Todd, J., concurred.