Filed 11/6/24  KPMC v. Chaudhari CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KPMC, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VELJIBHAI CHAUDHARI et al.,<br><br>    Defendants and Appellants. | B326029<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV31781) |

        APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

        Law Offices of Thomas J. Tedesco, Thomas J. Tedesco; Law Crafters Legal Services, Inc. and Alan M. Goldberg for Defendants and Appellants.

        Lagasse Branch Bell + Kinkead and Christopher C. Cianci for Plaintiff and Respondent.

_____

Defendants Veljibhai Chaudhari and Sushilkumar Chaudhari (the Chaudharis) appeal from a judgment entered in favor of plaintiff KPMC, LLC. We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, the Chaudharis signed a five-year commercial lease with KPMC. The lease required the Chaudharis to pay monthly rent to KPMC. It allowed the prevailing party in any action based on the lease to recover attorney fees and costs.

The Chaudharis assigned their rights under the lease to nonparty Midtown Mart, Inc. KPMC was aware of and signed the assignment. The assignment required that the Chaudharis "remain primarily (and not secondarily) obligated to [KPMC] for the full performance of all covenants, conditions, obligations and duties required to be performed by [the Chaudharis] under the Lease, and shall not be relieved of any such performance thereunder as a result of this Assignment or as a result of any extension, renewal, modification, or amendment of the Lease or any further assignment, subletting or other tenancy under the Lease or to any holdover term following the term granted under the Lease or any extension or renewal thereof, regardless of whether [the Chaudharis] consent[] thereto or receive[] notice thereof."

Midtown Mart stopped paying rent in early 2020. The lease naturally expired in March 2021. In April 2021, KPMC filed an unlawful detainer action against Midtown Mart seeking possession of the property and restitution for unpaid rent and holdover damages. Midtown Mart did not appear at trial. In June, the court entered default judgment for KPMC and awarded it possession of the property. The court also entered a $192,420.78 monetary judgment for KPMC against Midtown

2

Mart, consisting of $165,254.38 for past rent due, $25,216.40 in holdover damages, $1,500 in attorney fees, and $450 in costs.

In August 2021, KPMC sued the Chaudharis for breach of contract, seeking damages not less than the amount awarded in the unlawful detainer judgment. KPMC moved for summary judgment in June 2022. It submitted the lease as evidence of a contract. KPMC declared that it had performed its obligations under the lease. It argued that the lease was materially breached through nonpayment of rent and that the Chaudharis were liable for that breach pursuant to the lease and the assignment. KPMC requested judicial notice of the unlawful detainer judgment. It declared that the judgment accurately reflected its damages of $165,254.38 for past rent due, $25,216.40 in holdover damages, $1,500 in attorney fees, and $450 in costs. The Chaudharis did not oppose the request for judicial notice.

In their opposition to KPMC's summary judgment motion, the Chaudharis argued that they were necessary parties to the unlawful detainer action, that KPMC failed to mitigate damages, that res judicata barred KPMC from filing a second action for unpaid rent, and that KPMC waived its rights against the Chaudharis. The Chaudharis declared that they were unaware that Midtown Mart stopped paying rent and unaware of the unlawful detainer action until they received KPMC's complaint against them.

KPMC's reply argued that the Chaudharis were not indispensable parties to the unlawful detainer action, that the lawsuit was not barred by res judicata, and that KPMC did not waive its rights to sue the Chaudharis. It also contended that KPMC had not failed to mitigate damages because it promptly filed the unlawful detainer action shortly after the lease expired.

3

After KPMC's motion was fully briefed, the court held a hearing, but the parties did not appear in court and did not respond remotely when the case was called.[1] The court granted summary judgment orally and later entered an order articulating its reasoning. The court found that the opposition "does not contest the essential facts" and "essentially concedes that there are no material facts in dispute." It concluded that the Chaudharis were not indispensable parties to the unlawful detainer case, that KPMC's lawsuit was not barred by res judicata, and that KPMC did not waive its rights against the Chaudharis. The court also rejected the Chaudharis' argument that KPMC had not submitted sufficient evidence of damages. It noted that the Chaudharis failed to object to KPMC's request for judicial notice of the unlawful detainer judgment, and concluded that the unlawful detainer judgment "reflect[s] a judicial determination that KPMC has been damaged in the amount of

---

[1] On appeal, the Chaudharis argue they were denied the opportunity to be heard because their counsel appeared telephonically at the hearing but "the line went dead." However, this assertion is based on a legal filing, not a sworn affidavit or declaration. The record does not include any reporter's transcript of the hearing nor any agreed or settled statement of what occurred. (Cal. Rules of Court, rules 8.130(h), 8.137.) " 'It is the burden of appellant to provide an accurate record on appeal to demonstrate error. Failure to do so precludes an adequate review . . . .' " (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9.) " 'We must therefore presume that what occurred at that hearing supports the judgment.' " (*Ibid.*)

4

$192,420.78." The trial court entered judgment in favor of KPMC against the Chaudharis.[2]

The Chaudharis timely appealed.

## DISCUSSION

### I. Applicable Legal Principles and Standard of Review

Summary judgment is appropriate if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc.,[3] § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) A plaintiff moving for summary judgment must "prove[] each element of the cause of action entitling the party to judgment on the cause of action." (§ 437c, subd. (p)(1); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 (*Aguilar*).) The plaintiff need not "disprove any defense asserted by the defendant." (*Aguilar*, at p. 853.)

If the plaintiff satisfies this initial burden, the burden shifts to the defendant to present evidence demonstrating there is a triable issue of material fact "as to the cause of action or a defense thereto" based on specific facts. (§ 437c, subd. (p)(1); *Aguilar*, *supra*, 25 Cal.4th at p. 850.) To support the existence of

---

[2] KPMC's lawsuit also named as defendants Mi Young Chung and Yeon Min Chung, the owners of Midtown Mart. The Chaudharis filed cross-claims against Midtown Mart and the Chungs. KPMC also moved for summary judgment against the Chungs, and judgment was entered jointly and severally against the Chaudharis and the Chungs. The Chungs are not parties to this appeal, and the Chaudharis' cross-claims are not at issue in this appeal.

[3] All undesignated statutory references are to the Code of Civil Procedure.

a disputed fact, the defendant "must state . . . the nature of the dispute and describe the evidence that supports the position that the fact is controverted."  (Cal. Rules of Court, rule 3.1350(f)(2).)

" ' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." '  [Citation.]  We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' [Citation.]"  (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.)

## II.  The Chaudharis Have Not Established Any Reversible Error

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186.)  The Chaudharis primarily challenge KPMC's evidence of damages.[4]  They also raise several legal arguments primarily relating to the unlawful detainer action.  We find no basis for reversal.

---

[4]     The Chaudharis ask this court to remand to the court that resolved the unlawful detainer action for trial on damages. However, our jurisdiction is limited to the summary judgment in this case and any earlier rulings which necessarily affect it. (§§ 904.1, subd. (a)(1), 906.)  The Chaudharis cite no authority allowing us to address the unlawful detainer judgment or to remand this case to a court other than the one that granted summary judgment.

### a. The Chaudharis have not identified any triable issue of fact or reversible error as to damages

The Chaudharis argue that there is a triable issue of material fact on damages and that they were not afforded an adequate opportunity to dispute or raise defenses to KPMC's damages claim. We disagree.

At summary judgment, KPMC declared that Midtown Mart stopped paying rent in January 2020. It presented evidence that the lease expired in March 2021 and that it regained possession of the premises in June 2021. The lease identified the amount of monthly rent owed during this timeframe. KPMC declared that the unlawful detainer judgment accurately reflected its damages of $165,254.38 for unpaid rent through the expiration of the lease and $25,216.40 for holdover damages after the lease expired and before KPMC regained possession. In addition, KPMC declared that it incurred $1,500 in attorney fees and $450 in costs in the unlawful detainer judgment. KPMC cited paragraph 31 of the lease, which provides that the prevailing party in any action relating to the lease is entitled to its attorney fees and costs. Finally, KPMC pointed to the assignment as evidence that the Chaudharis are primarily obligated to perform all requirements under the lease, including payment of rent, holdover damages, attorney fees, and costs. This evidence was sufficient to shift the burden to the Chaudharis to identify " 'specific facts showing that a triable issue of material fact exists' " on KPMC's damages. (*Aguilar*, *supra*, 25 Cal.4th at p. 849.)[5]

_____

[5] The Chaudharis argue in their appellate briefing that KPMC's summary judgment motion requested adjudication of a legal issue, not factual issues, and that KPMC failed to comply

7

As the trial court correctly recognized, the Chaudharis' opposition brief "essentially concede[d] that there are no material issues of fact in dispute." The Chaudharis' separate statement of facts opposing summary judgment purported to dispute that the unlawful detainer judgment accurately reflects KPMC's damages. However, the separate statement did not identify "the nature of the dispute," nor did it "describe the evidence that supports the position that the fact is controverted." (Cal. Rules of Court, rule 3.1350(f)(2).) The separate statement cited to paragraphs in the Chaudharis' declaration, but these paragraphs did not establish any factual dispute. The Chaudharis therefore did not meet their burden of identifying "specific facts showing that a triable issue of material fact exists" as to damages. (§ 437c, subd. (p)(1).)[6]

---

with the requirements for such a motion set out in section 437c, subdivision (t). This claim is contradicted by the motion, which argued there was no triable issue of material fact on any element of breach of contract. During oral argument in this appeal, the Chaudharis recited a litany of what they described as "triable issues of fact," the majority of which appeared to be related in some form to questions of notice and damages, which are addressed herein. To the extent they asserted additional triable issues of fact during oral argument that were not raised below or in their appellate briefing, those issues are forfeited. (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 472 (*Archdale*) [appellate courts need not consider arguments raised for the first time at oral argument].)

[6] The Chaudharis argue KPMC had no right to a " 'registration' of the [unlawful detainer] judgment" or "a summary determination of damages." These contentions appear to allude to the trial court's conclusion that the unlawful detainer default judgment was a "judicial determination" of KPMC's

The Chaudharis nonetheless argue that a factual dispute exists because KPMC failed to mitigate its damages. In support of this contention, they cite Civil Code section 1951.2, which provides that a landlord's damages may be reduced in certain situations, which do not apply here, for failure to mitigate. Where a landlord terminates a lessee's right of possession because of a breach, the landlord may recover "[t]he worth at the time of award of the unpaid rent which had been earned"—i.e., all unpaid rent owed when possession was terminated. (Civ. Code, § 1951.2, subd. (a)(1).) The statute contemplates mitigation only when a landlord seeks damages for *future* rent owed under a lease *after early termination*, such as "unpaid rent which would have been earned *after termination*" or "unpaid rent for the balance of the [lease] term *after the time of award.*" *(*Civ. Code*,* subd. (a)(2) & (3), italics added; *Sanders Construction Co. v. San Joaquin First Fed. Sav. & Loan Assn.* (1982) 136 Cal.App.3d 387, 400 [after early termination of a lease, a landlord has "a duty to mitigate damages by attempting to release the premises"].) KPMC requested damages for unpaid rent earned before Midtown Mart's possession was terminated through the

damages. However, " 'the appellate court may affirm a summary judgment on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial court. [Citation.]' " (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22.) As we have discussed, KPMC presented sufficient evidence of its damages and, though the Chaudharis were given the opportunity, the record reveals that they failed to dispute that evidence. We therefore need not decide whether the trial court accepted the unlawful detainer judgment as determinative of KPMC's damages or whether that decision was erroneous.

unlawful detainer judgment, and therefore it was entitled to all such rent.  (Civ. Code, § 1951.2, subd. (a)(1).)[7]  Since possession of the premises was not restored to KPMC until after the expiration of the natural term of the lease, the Chaudharis fail to identify any legal authority requiring KPMC to mitigate its damages.

Next, the Chaudharis contend that the trial court did not allow them to fully develop and present their defenses.[8]  They argue that issue preclusion did not bar them from asserting defenses in this action.  We do not need to address whether issue preclusion should apply in this case based on issues resolved in the unlawful detainer action, because the Chaudharis fail to cite any evidence in the record that the trial court actually prohibited

---

[7]     Moreover, even if Civil Code section 1951.2 provided for mitigation in this case, "the landlord may recover *all* contract damages . . . unless the tenant can prove that some or all of the rental loss could have been avoided." (*Millikan v. American Spectrum Real Estate Services California, Inc.* (2004) 117 Cal.App.4th 1094, 1102; Civ. Code, § 1951.2, subd. (a)(2).)  The Chaudharis speculate that KPMC could have acted faster by bringing an earlier unlawful detainer action against Midtown Mart yet they cite no legal authority which would compel KPMC to expedite the eviction process, especially given that Midtown Mart stopped paying rent two months before the start of the Covid-19 pandemic.

[8]     The Chaudharis contend they were denied the chance to litigate and/or raise defenses to KPMC's damages, the trial court's prevailing party finding and the resulting attorney fees, KPMC's failure to notify the Chaudharis of the default, KPMC's failure to join the Chaudharis in the unlawful detainer action and/or notify them of that action, and the Chaudharis' "right to perform under the Assignment and pay the rent."

them from litigating the amount of damages or otherwise asserting defenses in this case. After the Chaudharis received the complaint, which reflected the exact damages alleged by KPMC, they had nearly a year to develop their case before opposing summary judgment. If the Chaudharis believed KPMC's damages calculations were inaccurate, unsupported by the evidence, or inconsistent with the terms of the lease, their opportunity to establish a triable issue of fact on any claim or defense was at summary judgment. (§ 437c, subd. (p)(1).) If they were uncertain of the facts, the Chaudharis could have propounded written discovery on KPMC, subpoenaed Midtown Mart, or taken depositions during discovery.[9] And if they believed "facts essential to justify opposition [to KPMC's summary judgment motion] may exist" but were not readily available, the Chaudharis could have requested a continuance of the summary judgment hearing. (§ 437c, subd. (h).) Despite these opportunities, they failed to present any evidence to establish a factual dispute on damages or any defense to KPMC's breach of contract claim. The Chaudharis therefore have not identified any triable issue of fact or reversible error relating to damages.

### b. The Chaudharis' remaining arguments do not warrant reversal

The Chaudharis raise several additional legal arguments, none of which provides a basis for reversal.

---

[9] While the Chaudharis' Case Management Statement indicated they would be propounding interrogatories and taking depositions, the record does not reveal whether they actually engaged in such discovery, let alone any responses thereto.

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Ibid*.) It is also the appellant's burden to provide reasoned arguments and citations to relevant legal authorities to support that argument. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).)

The Chaudharis argue that KPMC was required but failed to notify them of Midtown Mart's failure to pay rent, yet for the first time on appeal, they rely on section 1161 to support their contention.[10] Section 1161 provides that a tenant is guilty of unlawful detainer after the tenant receives three days' notice of failure to pay rent or to perform other conditions of a lease.

---

[10] In connection with their opposition to summary judgment, the Chaudharis declared that they did not receive notice of Midtown Mart's rent default, but they did not ground this point in any legal authority. Although generally "new theories of defense may not be raised for the first time on appeal," their section 1161 argument involves "a pure question of law that can be resolved on undisputed facts," and we exercise our discretion to address it on appeal. (*Fort Bragg Unified School Dist. v. Colonial American Casualty & Surety Co.* (2011) 194 Cal.App.4th 891, 907 (*Fort Bragg*).)

12

(§ 1161, subds. (2) & (3).)[11]  According to the Chaudharis, section 1161 requires a landlord to provide notice to an assignor not in possession because it defines tenant to include "any person who hires real property" and references notice to any tenant who possesses the property "by subtenant."  (§ 1161, subds. (2) & (6).)  KPMC's appellate briefing does not address the Chaudharis' section 1161 argument.  Instead, KPMC argues that the Chaudharis were not entitled to notice of the default because "when a lease is assigned[,] the assignor becomes a surety for the assignee," and "a surety is liable without notice of the default of his principal."  (*Cross v. Thiele* (1921) 51 Cal.App.780, 783 (*Cross*); Civ. Code, § 2807.)  However, KPMC makes no attempt to resolve the apparent tension between the Chaudharis' interpretation of section 1161 and the rule described in *Cross*.

We need not determine whether section 1161 requires a landlord to provide notice to an assignor who is not in possession of the property or address any conflict between that section and Civil Code section 2807.  Section 1161 merely describes the prerequisites for an unlawful detainer judgment.  (*Liebovich v.*

---

[11]  In contrast, a tenant who retains possession after the expiration of the lease is guilty of unlawful detainer regardless of notice.  (§ 1161, subd. (1).)  The record does not reflect whether KPMC's unlawful detainer action was filed under section 1161, subdivisions (1), (2), or (3).  However, "rents accrued and unpaid prior to the unlawful detainer may be recovered in an unlawful detainer proceeding only when the landlord's right to possession is founded upon the tenant's failure to pay rent following the service of a three-day notice to pay rent or quit the premises under section 1161, subdivision 2."  (*Saberi v. Bakhtiari* (1985) 169 Cal.App.3d 509, 513.)  KPMC obtained a judgment for unpaid rent, suggesting it proceeded under section 1161, subdivision (2).

*Shahrokhkhany* (1997) 56 Cal.App.4th 511, 513.) This case is not an unlawful detainer action. The Chaudharis fail to explain how a statute governing a different type of claim could impact our review of the trial court's summary judgment ruling in this action. "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075.)

Relatedly, the Chaudharis contend KPMC's failure to provide notice that Midtown Mart stopped paying rent means there was a triable question of material fact as to whether KPMC performed all its obligations under the lease. Yet, they have not identified any provision in the lease requiring such notice.[12] (*Jameson*, *supra*, 5 Cal.5th at p. 609 [appellant's burden is to demonstrate error based on the appellate record].) The Chaudharis also argue that, as a matter of law, they were not obligated to perform because they were not aware of the default. However, the parties agree that the Chaudharis were sureties under the lease, meaning they were liable to KPMC "immediately upon the default of the principal, and *without demand or notice*." (Civ. Code, § 2807, italics added; *Cross*, *supra*, 51 Cal.App. at p. 783 ["a surety is liable without notice of the default of his

---

[12] At oral argument, the Chaudharis argued for the first time that notice was required under paragraph 42 of the lease. We "need not consider an issue which the briefs do not raise or discuss and which is asserted for the first time in oral argument." (*Archdale*, *supra*, 154 Cal.App.4th at p. 472.) In any case, paragraph 42 merely describes a party's right to make payments under protest. Not only does paragraph 42 not require notice of a default, the word "notice" is mentioned nowhere therein.

principal"].)[13]  The Chaudharis cite case law for the proposition that when "no time is specified for performance," a person "does not violate his agreement unless and until a demand for performance is made . . . ." (*Leonard v. Rose* (1967) 65 Cal.2d 589, 592; *Tisdale v. Bryant* (1918) 38 Cal.App. 750, 757 [same].) That rule is inapposite—here, the time of performance was specified in the lease as well as the assignment, which required rent to be paid each month.

The Chaudharis also contend they were indispensable parties to the unlawful detainer action.  However, "possession is the fundamental issue in an unlawful detainer action and an action does not lie against a defendant who is not in possession of the premises at the commencement of the lawsuit." (*Glendale Fed. Bank v. Hadden* (1999) 73 Cal.App.4th 1150, 1153; *Balassy v. Superior Court* (1986) 181 Cal.App.3d 1148, 1152 ["possession is the principal subject of unlawful detainer actions and the entitlement of the plaintiff lessor to recover damages or rents therein is wholly dependent upon the lessor prevailing on the issue of unlawful detainer"].)  The Chaudharis assigned their

---

[13]  For the first time during oral argument, the Chaudharis cited Civil Code section 2808 and argued that they were entitled to notice of the default because they could not have learned of it with reasonable diligence.  Even if this argument was not forfeited (*Archdale, supra,* 154 Cal.App.4th at p. 472), we would reject it.  Civil Code section 2808 applies only to a "surety upon a conditional obligation," and the Chaudharis' obligations under the assignment are not conditional.  And while the Chaudharis assert that they "could not have obtained notice [of Midtown Mart's default] with reasonable diligence," they fail to cite any evidence in the record to support this claim. (*Jameson, supra,* 5 Cal.5th at p. 609.)

15

right of possession to Midtown Mart several years before KPMC filed the unlawful detainer action. They were not indispensable parties to that lawsuit. (*Glendale Fed. Bank*, at p. 1154.) Relatedly, the Chaudharis argue KPMC was required, and failed, to notify them of the unlawful detainer action. But they again fail to cite any provision in the lease or any legal authority supporting such an obligation. (*Jameson*, *supra*, 5 Cal.5th at p. 609; *Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075.)

Next, the Chaudharis argue that the lease prohibits KPMC from filing two separate lawsuits to recover unpaid rent. They rely on paragraph 13.2 of the lease, which states: "If termination of this Lease is obtained through the provisional remedy of unlawful detainer, Lessor shall have the right to recover in such proceeding any unpaid Rent and damages as are recoverable therein, or Lessor may reserve the right to recover all or any part thereof in a separate suit." The Chaudharis assert that KPMC's choice to claim restitution for unpaid rent in the unlawful detainer action precluded a separate lawsuit for unpaid rent. However, on its face, this provision only applied to any action resulting in "termination" of the lease. By the time KPMC initiated its unlawful detainer action against Midtown Mart, the lease had naturally expired and terminated. (*Pringle v. Wilson* (1909) 156 Cal. 313, 318 [expiration of the original term of a lease terminates the lease].) KPMC filed its unlawful detainer action to regain possession of the property and for restitution, not for termination. The provision therefore is inapplicable.[14]

---

[14]    In the trial court, the Chaudharis similarly argued that res judicata barred KPMC from filing a second lawsuit based on the breach of the lease. The court rejected this contention and the

16

The Chaudharis raise several additional legal arguments for the first time on appeal. However, because these contentions involve "pure question[s] of law that can be resolved on undisputed facts," we exercise our discretion to address the merits of their arguments despite the Chaudharis' failure to raise them below. (*Fort Bragg*, *supra*, 194 Cal.App.4th at p. 907.)

The Chaudharis argue KPMC lacks standing in this case because the lease was terminated before KPMC filed suit. However, paragraph 13.2 of the lease provides that after termination of the lease, KPMC was entitled to "the unpaid Rent which had been earned at the time of termination . . . ." The Chaudharis cite case law describing the standing requirement and asserting that a decision affirming a void judgment is itself void, but they fail to provide any reasoned argument or legal authority supporting that a landlord lacks standing to sue under an expired or terminated lease. (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075.)

---

Chaudharis did not raise it in their appellate briefing. The argument is therefore abandoned. (*Case v. State Farm Mutual Automobile Ins. Co., Inc.* (2018) 30 Cal.App.5th 397, 402 (*Case*) ["[O]ur review is limited to contentions adequately raised in [appellant's] briefs"].) In any case, res judicata, or claim preclusion, "does not bar subsequent suits against co-obligors," such as the Chaudharis, who "were not parties to the original litigation." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.)

The Chaudharis also contended below that KPMC waived its right to bring any claim against them based on unpaid rent by waiting to file suit until 15 months after Midtown Mart stopped paying rent. The trial court rejected this argument, too, and the Chaudharis abandoned it by failing to raise it on appeal. (*Case*, *supra*, 30 Cal.App.5th at p. 402.)

Next, the Chaudharis contend they could not have breached the lease because they assigned it to Midtown Mart. Yet, "[w]hen a tenant assigns a leasehold . . . [t]he assignor remains liable to the landlord absent an express release." (*Vallely Investments v. BancAmerica Commercial Corp.* (2001) 88 Cal.App.4th 816, 822.) KPMC executed no such release here, and the assignment made clear that the Chaudharis remained primarily obligated on the lease.

The Chaudharis' defense of impossibility of performance is similarly unconvincing. As the Chaudharis recognize, "impossibility must consist in the nature of the thing to be done, and not in the inability of the party to do it . . . ." (*Sample v. Fresno Flume & Irrigation Co.* (1900) 129 Cal. 222, 228.) Even if the Chaudharis were not able to pay rent because they were unaware of the default, the payment of rent itself was not impossible.

Finally, the Chaudharis argue that KPMC's failure to notify them of the breach, its failure to join them in the unlawful detainer action, and the trial court's grant of summary judgment without allowing the Chaudharis to fully litigate their defenses violated their due process rights. As we have discussed, these arguments fail on their merits. Moreover, the Chaudharis fail to provide any reasoned argument or legal authority to support any due process claim on appeal. We therefore reject any due process claim as forfeited. (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075; *Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475,

1486 ["In civil cases, constitutional questions not raised in the trial court are considered waived"].)[15]

## DISPOSITION

The order granting summary judgment for KPMC is affirmed. Respondent is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BERSHON, J.*

We concur:

EDMON, P. J.

EGERTON, J.

---

[15] The Chaudharis argue that they may have successfully defended against KPMC's post-judgment motion for attorney fees in this action if they had been permitted to further develop their defenses to KPMC's damages claim. Because we affirm the judgment, we need not address this point.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.